HENRY C. STOLL AND MATTHIAS J. MATHEWS, PLAIN-
TIFFS IN ERROR, V. S. L. SHELDON, DEFENDANT IN
ERROR.

1. **Note Payable to Agent:** JOINDER OF PARTIES. Where a
promissory note is made to an agent in his own name as prom-
isee, he may maintain an action thereon without joining the per-
son beneficially interested in the note.

2. **Release of Surety by Attorney.** An attorney at law, by
virtue of his employment to make collections, has no authority
to release a surety on a promissory note without payment; such
authority must be proved.

ERROR to the district court for Gage county.　Tried be-
below before WEAVER, J.

*A. Hardy*, for plaintiffs in error, against right of de-
fendant in error to sue, cited: Code, sec. 32.　*Camden Bank
v. Rodgers*, 4 How. Pr., 63.　*Clark v. Phillips*, 21 Id., 87.
*Billings v. Jane*, 11 Barb., 620.　On question of settle-
ment, cited: *Douglass v. White*, 3 Barb. Ch., 621.　*Palmer-
ton v Huxford*, 4 Denio, 166.　*Bull v. Bull*, 43 Conn.,
455.　*United States v. Child*, 12 Wall., 232.　*Fisher v.
May*, 2 Bibb, 449.　*Reed v. Bartlett*, 19 Pick., 273.

*Pemberton & Forbes*, for defendant in error.

Plaintiff can maintain the suit.　*Robinson v. Wilkinson*,
38 Mich., 299.　Bliss on Code Pleading, sec. 59.　Max-
well's Plead. and Prac., 22.　Failure to take possession of
machine did not release surety.　See cases cited by us 11
Neb., 273, and *Fuller v. Tomlinson* (Iowa), 12 N. W. R.,
127.　As to authority to make settlement, see *Graydon v.
Patterson*, 13 Iowa, 256.　Wharton on Evidence, sec. 702.
*McDonough v. Heyman*, 38 Mich., 334.　*Graham v. Tag-
gart*, 44 Mich., 383.

BY THE COURT.

This case was before this court in 1881, and is reported in 11 Neb., 272, the facts being stated, and a copy of the note upon which the suit is brought being given in that case. Stoll signed the note in controversy as surety, and now relies upon two defenses:

*First.* That the action is not brought in the name of the real party in interest.

*Second.* Settlement with one Hutchison, an attorney of the plaintiff.

The note was made payable to "S. L. Sheldon or order." The testimony shows that Sheldon, at the time the note was given, was and now is the agent of Meadow King Mower, for Gregg & Company, who are the real owners of the note.

The code requires an action to be brought in the name of the real party in interest, but excepts trustees of express trusts, executors and administrators, and persons in whose names contracts are made for the benefit of others. Judge Bliss has referred to the cases bearing upon this question. See sec. 57, Code Pleading. And Pomeroy more fully in Remedies and Remedial Rights, secs. 171–182. The law seems to be definitely settled by the decisions referred to, that when a contract is entered into with an agent in his own name, the promise being made directly to him, he may maintain an action on such contract in his own name without joining the person beneficially interested; but the defendant would not thereby be deprived of any defense he might have to the action. The first objection of the plaintiff is therefore not well taken.

As to the alleged settlement, it appears that Mr. Stoll had been the agent of the Meadow King Mower at Joliet, Ill., and in his testimony he states how a settlement was made, as follows:

Q.  Were all the notes there at this time?

A.  Yes; I told him (the attorney) I would take one mower to send to Nebraska, and I have got the note with me now.  I would take up the note and run it on a year's time, and I would pay cash for another note, and I had a man who would take a mower on sixty days' time, I would give a note for that.  That made three, and he would have to take back one mower.  I would settle it with this understanding, if he would give me up as security on this Williams note; otherwise I would not settle with him, I would have nothing to do with it.  He says: "Stoll, I can settle just as I am mind to."  I says: "If you settle that way I will give you a Poland-China pig."  He says: "What kind of a pig is it?"  I told him it was a pig that will sell for fifteen or twenty dollars.  He says: "All right, I will settle."  I says: "My boy will fetch the pig to you," and he fetched the pig down and we settled it, and he took back one mower; I paid cash for the other.  One mower we made out a new note for, which I have got with me, and we settled it that way.

Mr. Stoll's testimony shows an accord without satisfaction.  The amount of the debt was undisputed.  This being so, the manner in which he satisfied certain portions of it does not seem to be material.  He was liable for the whole debt unless released in some manner by the creditor or his duly authorized agent.

Where claims are placed in the hands of an attorney for collection there is no presumption that he is authorized to receive anything but money in payment, or that he has power to release a surety on an obligation, and such authority must be proved.

In the case of *Graul v. Strutzel*, 53 Iowa, 712, it was held by the supreme court of Iowa that an agent's authority cannot be shown by his own testimony.  That is, where an agent is acting under a special authority the principal will only be bound to the extent of the authority.  An

attorney in releasing a surety is acting under a special power which must be proved. As there is an entire failure of proof upon that point, the court did not err in directing a verdict for the defendant in error. The judgment is affirmed.

JUDGMENT AFFIRMED.