ALLEN HAMRICK, PLAINTIFF IN ERROR, v. W. D. COMBS, DEFENDANT IN ERROR.

**Attorney.** The ordinary powers of an attorney do not authorize him to enter into an agreement to take about one-third of the face value of a valid judgment in favor of his client, and accept payment of the same in a debt owing by such attorney.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Brown & Ryan Brothers,* for plaintiff in error, cited: *Tingley v. Parshall,* 11 Neb., 443. Comp. Stat., 65, § 7, subd. 3. *Critchfield v. Porter,* 3 Ohio, 519. *Dickson v. Wright,* 52 Miss., 585.

*W. H. Snelling* and *J. S. Gregory,* for defendant in error.

MAXWELL, J.

This is a proceeding to revive a dormant judgment. To the conditional order of revivor the defendant filed an answer as follows:

"STATE OF NEBRASKA, }
"LANCASTER COUNTY. }

" W. D. Combs, above named defendant, being duly sworn, on oath, says: That on the 14th day of November, 1874, he entered into an agreement with one Joseph W. Sharts, the attorney of record of Allen Hamrick, in the above entitled suit, whereby it was mutually agreed between them that in consideration of the payment by this affiant of one hundred dollars that the judgment against this affiant recorded in journal 'B,' page 541 of the records of this court, should be receipted and paid in full, and that the said sum of one hundred dollars should be paid in full satisfaction of said judgment (except the costs), that said proposition to take the sum of one hundred dollars in full of said judgment was made to affiant by the said Sharts, the authorized attorney of record of said Hamrick, and was accepted by this affiant, and that upon said agreement so made, affiant paid the sum of one hundred dollars and twenty-five dollars interest to James E. Philpott, by the advice and direction of the said Sharts, who stated to this affiant that he was going away and had turned the busi-

ness over to James E. Philpott, who is also the attorney of record of the said Hamrick, and that at the time he paid said money, he said Philpott, he took his receipt therefor, and now holds the same in full of said judgment (except costs), in pursuance of the agreement so made; that since he made such payment, the said Hamrick has never written to affiant, nor said or intimated that the agreement entered into and payment so made was not ratified by him, and since the date of said judgment, no person or persons have sought to exercise any control over or to collect said judgment except the said James E. Philpott, the attorney of Hamrick, until this motion to revive the same; that the judgment sought to be revived has long since become dormant and of no force; that the same has been fully paid by this affiant as per the terms of the agreement hereto attached, and the receipt of said money in full payment of same as per the terms of compromise; that said James E. Philpott after said agreement was made and before the payment agreed to be paid was made, caused two executions to be issued on said judgment, and signed himself attorney for Hamrick; that when affiant paid the money agreed upon in settlement of said judgment to said James E. Philpott, he did so at the instance of said Joseph E. Sharts the attorney of Hamrick, and by his direction and with the explicit understanding that James E. Philpott was the authorized and acting attorney of said Hamrick, and so represented himself to this affiant, and is such of record. Affiant further says that he paid the amount in good faith, believing the agreement so made with him would be carried out in good faith, and that the money so paid was in full of all claims against him except costs of said suit.

"W. D. COMBS."

"Subscribed in my presence, and sworn to before me, this Nov. 2nd, 1882.

"J. C. JOHNSTON.<br>"<i>Justice of the Peace.</i>"

The agreement referred to is as follows:

"ALLEN HAMRICK ⎫
        vs.        ⎬
"W. D. COMBS.    ⎭

"Now whereas it is mutually agreed by and between said Allen Hamrick, by Joseph W. Sharts, his attorney, that whereas said Sharts is about to leave the state of Nebraska, and he has turned over the collection of said judgment to said James E. Philpott, that if said defendant would pay to said James E. Philpott the sum of one hundred dollars to apply on said judgment, then the said judgment should be receipted for in full and discharged of record; and, whereas said defendant accepted said proposition in the presence of said Philpott, now I, the said defendant, do on this second day of December, 1877, hereby offer and pay to said James E. Philpott, the said sum of one hundred dollars with twenty-five dollars interest thereon, making a total of $125.

"W. D. COMBS."

"I, James E. Philpott, acknowledge the receipt of one hundred and twenty-five dollars on the terms and conditions above set forth, and hereby authorize the clerk of said district court to enter a satisfaction of said judgment in pursuance of said agreement, and say that I was present and know of my own knowledge of the making of said agreement, and this receipt in pursuance thereof is in full of said judgment, except costs, and that I will not cause other execution to be issued thereon.

"JAMES E. PHILPOTT."

To this answer the plaintiff Hamrick filed an affidavit, wherein he states that: "I never employed, or in any way whatever, authorized James E. Philpott to act for me in this or any other transaction. I never knew or heard of such person till since this motion for a revivor has been pending in said court. Said Philpott never had any authority from me to act for me in any capacity whatever,

and I never authorized nor empowered Joseph W. Sharts, nor anyone else to turn over the said judgment to any person to collect or compromise for me, and I never knew that such transfer of authority was made or claimed to be made till since the motion for revivor was filed; to-wit, till late in October, 1882. I never authorized the compromise or satisfaction of said judgment at less than its face, and never consented or agreed that it should be compromised or settled, or satisfied for less than the full amount due thereon."

Philpott also filed an affidavit, wherein he states: "He was during the pendency of said suit and to its final determination one of the attorneys of said *defendant;* that after judgment was taken thereon, to-wit, on or about the — day of — A.D. 1875, the defendant in person and the plaintiff by Joseph W. Sharts, met in the presence of this affiant, and it was then agreed by and between the said defendant in person and said plaintiff by his said attorney, that on the payment one hundred dollars to the affiant, that this affiant should receive the same to be applied on said judgment, except costs, and that the said judgment should be receipted in full, except costs thereon. At the time said agreement was entered into, the said Joseph W. Sharts was about to leave the said state, and the said money was to be paid to this affiant on behalf of said Joseph W. Sharts."

The court below found that there had been paid on said judgment to plaintiff's attorney the sum of $100, and deducted that amount from the judgment, and entered a judgment of revivor for the remainder. Hamrick brings the cause into this court by petition in error, and Combs by a cross-petition in error, alleging that the entire judgment has been satisfied. The proof shows that no money whatever has been paid to the plaintiff or his attorney, and the only satisfaction of the judgment claimed is the arrangement between Sharts and Philpott, by which it is claimed that $100 which it is alleged Sharts owed Philpott has been

paid. Sharts is dead, hence there is no means of disproving the statement made in Philpott's affidavit. But it is unnecessary to do so. Even if this arrangement was made by Sharts, it was in excess of his powers as an attorney. The ordinary powers of an attorney do not authorize him to execute any discharge of a debtor, but upon the actual payment of the full amount of the debt, and that in money only. 2 Green. Ev., § 141. The extent to which an attorney would be justified in entering into a compromise of a doubtful claim it is unnecessary to consider; but it is very clear that he cannot, in the absence of authority to that effect, enter into an agreement to take about one-third of the face value of a valid judgment in favor of his client, and provide that that shall be paid in a debt owing by himself. Philpott was not at any time the plaintiff's attorney, and cannot bind him in any manner.

It follows that the court erred in deducting the $100 paid to Philpott from the judgment.

The judgment of the district court is reversed, and the cause remanded to that court to enter judgment in conformity to this opinion.

REVERSED AND REMANDED.