ELIZA PHILLIPS, APPELLANT, V. OTTO KUHN ET AL., APPELLEES.

[FILED JULY 2, 1892.

**Judgments:** SATISFACTION BY COMPROMISE: ATTORNEYS: AUTHORITY. One K. recovered a judgment of $1,000 against one P. for slander. There was some doubt about the correctness of the judgment, and it was supposed the case would be taken to the supreme court. Thereupon the attorneys in the case entered into a compromise that P. should pay the sum of $600 in full satisfaction of the judgment, which sum was paid and the judgment satisfied of record. Two years afterwards K. moved on notice to set the satisfaction aside upon the ground that he was the *sole* owner of the judgment and that his attorneys had no authority to compromise the same. The motion was sustained. Afterwards P. brought an action to enjoin the collection of the excess of $600 and alleged, among other things, that K. owned but half of the judgment and that his attorneys who effected the compromise owned the other half, with other allegations of like character. *Held*, That the petition stated a cause of action and that P. was entitled to equitable relief.

APPEAL from the district court for Platte county. Heard below before MARSHALL, J.

*M. Whitmoyer*, for appellant:

The compromise and entry of satisfaction was meritori-ous and should be sustained. (*Boyce v. Berger*, 11 Neb.,

401; *Treitschke v. Grain Co.*, 10 Id., 361; *Paine v. Wilcox*, 16 Wis., 230–1.) A notice that a motion had been filed to set aside the entry of satisfaction, falls far short of giving the court jurisdiction to make a decree, setting aside the entry. (*Pope v. Hooper*, 6 Neb., 186; Freeman, Executions, secs. 81, 83; *Webb v. Anspach*, 3 O. St., 522.)

*G. G. Bowman, contra:*

An attorney at law has no right to release his client's judgment without his knowledge or consent. (*Kirk's Appeal*, 87 Pa. St., 243; *Levy v. Brown*, 56 Miss., 83; *Nolan v. Jackson*, 16 Ill., 272; *Jackson v. Bartlett*, 8 Johns. [N. Y.], 362; *Brackett v. Norton*, 4 Conn., 517; *Derwort v. Loomer*, 21 Id., 245; *Langdon v. Potter*, 13 Mass., 320; *Hamrick v. Combs*, 14 Neb., 381.) The notice gave ample time to appear and defend, and the court had jurisdiction. (*Bruen v. Bruen*, 43 Ill., 408; *Wilson v. Stillwell*, 14 O. St., 464; *Laughlin v. Fairbanks*, 8 Mo., 367.)

MAXWELL, CH. J.

A demurrer to the amended petition was sustained in the court below and the action dismissed. The petition is as follows:

"That on the 3d day of March, 1885, the plaintiff was, and from thence hitherto and still is, the owner and in possession of the following described real estate, to-wit: Commencing at a point 132 feet south of the northeast corner of lot No. 1 in block No. 85, on formerly Olive street, thence north along said street twenty-two feet, thence west eighty feet along line of business lot No. 5, thence south twenty-two feet to alley, thence east eighty feet to the place of beginning, situated in the city of Columbus, Platte county, Nebraska; also the east third of lot No. 2 in block No. 118, in said city. On or about the 30th day of March, 1885, said Otto Kuhn recovered a

judgment for the sum of $1,000 in the district court of Platte county, Nebraska, against said Eliza Phillips, and on or about the 11th day of July, 1885, said judgment was fully paid, satisfied, and discharged, and the same so entered of record on the judgment and execution docket of said court in words and figures as follows; to-wit:

"'On July 11, 1885, the within judgment is fully paid and satisfied and the same is hereby discharged.

"'McFarland & Cowdery,<br>"'Cornelius & Sullivan,<br>"'By B. R. Cowdery,<br>"'Attorneys for Plaintiff.

"'Attest:

"'G. Heitkemper, Clerk.

"'By G. B. Speice, Dept.'

"On the 14th day of September, 1887, a notice was served upon said plaintiff, which is in words and figures following, to-wit:

"'In the District Court of Platte County, Nebraska.

"'Otto Kuhn ⎤
     v.        ⎬
Eliza Phillips. ⎦

"'The said Eliza Phillips, defendant, is hereby notified that I have filed a motion in said district court to set aside the entry of satisfaction of the judgment in the above entitled cause; that said motion will be heard at the court house in Platte county, on Saturday, the 17th day of September, 1887, at ten o'clock A. M., or as soon thereafter as I can be heard. Affidavits will be used in the hearing of said motion.

"'September 13, 1887.          Otto Kuhn,
                    "'By G. G. Bowman,
                              "'His Attorney.'

"On the 15th day of September, 1887, a motion was filed in said cause, which is in words and figures as follows, to-wit:

"'In the District Court of Platte County, Nebraska.

"'OTTO KUHN ⎫
     v.    ⎬
ELIZA PHILLIPS. ⎭

"'Whereas, on the 30th day of March, 1885, the plaintiff, Otto Kuhn, recovered a judgment against said Eliza Phillips, defendant, for the sum of $1,000 and costs of suit in a certain action then pending in the district court of Platte county, wherein Otto Kuhn was plaintiff and Eliza Phillips was defendant, which judgment is still in force, unrevoked, and unsatisfied; and whereas, on the 11th day of June, 1885, a certain pretended entry of satisfaction of said judgment was entered on the judgment and execution docket of said district court in the words and figures following, to-wit:

"'"July 11, 1885. The within judgment is fully paid and satisfied and the same is hereby discharged.

"'"McFARLAND & COWDERY,
"'"CORNELIUS & SULLIVAN,
"'"By B. R. COWDERY,
"'"*Attorneys for Plaintiff.*"

"'The said Otto Kuhn, plaintiff, therefore moves the court to set aside the said entry of satisfaction of the said judgment for the following reasons:

"'First—That said Otto Kuhn was the sole owner of said judgment at the time said entry was made.

"'Second—That said judgment was not then and never has been fully paid.

"'Third—That on the said 11th day of June, 1885, the said B. R. Cowdery, without the knowledge or permission of said Otto Kuhn, and without any legal authority whatever, undertook to compromise said judgment for the sum of $600, and then and there received upon said judgment said sum of $600, in consideration of which sum he, the said Cowdery, made said entry of satisfaction; that the said defendant then and there was, and still is, solvent, and

that said entry of satisfaction was made in fraud of plaintiff's rights; that there is due and owing to said Otto Kuhn from said Eliza Phillips on said judgment the sum of $400 with interest thereon from March 30 to July 11, 1885.

"'OTTO KUHN,.

"'By G. G. BOWMAN,

"'*His Attorney.*'

" On the 17th day of September, 1887, a judgment and decree was rendered upon said motion by said court, which is in words and figures as follows, to-wit:

"'In the District Court of Platte County, Nebraska.

"'OTTO KUHN ⎫
        v.         ⎬
ELIZA PHILLIPS. ⎭

"'September 17, 1887.   This cause came on to be heard upon the motion of Otto Kuhn, plaintiff, to set aside the entry of satisfaction of the judgment heretofore rendered in said cause, to-wit, on the —— day of March, 1885, and the evidence, and was submitted to the court, on consideration whereof the court finds that due notice of the pending of said motion has been given to said Eliza Phillips, defendant; that on the 11th day of June, 1885, there was paid by defendant upon said judgment the sum of $600, and no more, and that there is still due and unpaid upon said judgment the sum of $400, together with the interest from the 30th day of March, 1885, at the rate of seven per cent per annum, and that the entry of satisfaction of said judgment was made and entered on the record of said court without any legal authority, and is still null and void.   It is therefore considered by the court that the entry of satisfaction of said judgment be, and the same is hereby, vacated, set aside, and annulled, and declared of no force or effect, and that the plaintiff have execution for the sum of $400 and interest from March 30, 1885, and costs.'

"On or about the 19th day of September, 1887, an execution was issued on said judgment at the instance of said

Otto Kuhn and placed in the hands of said Daniel C. Kavanaugh, sheriff of said Platte county, who, on the ——— day of October, 1887, levied the same upon said real estate as the property of said Eliza Phillips, and advertised said real estate for sale on the 28th day of November, 1887, under said execution.

"Plaintiff alleges that said attorneys, McFarland & Cowdery and Cornelius & Sullivan, who made and entered said satisfaction of said judgment, were the duly authorized attorneys in said cause, and had an interest in said judgment to the extent of one-half the value thereof; that said B. R. Cowdery was a member of the firm of said McFarland & Cowdery, and was duly authorized to make said entry of satisfaction of said judgment; that after said judgment obtained March 30, 1885, was rendered against this plaintiff she was about to institute proceedings in court to contest said judgment and have the same annulled and set aside, for which purpose she employed attorneys and had a petition prepared in the month of June, 1885, a copy of which said petition is hereto attached and made a part of this petition, marked Exhibit 'A'; that each and every allegation of said petition hereto attached is true, and was made in good faith; that said Otto Kuhn and his said attorneys became informed of the purpose of said Eliza Phillips to contest said judgment, and for the purpose of avoiding the uncertainties of the regularity and validity of said judgment and having the same set aside, and to avoid further litigation concerning the same, in consideration whereof said McFarland & Cowdery and Cornelius & Sullivan, attorneys for said Kuhn in said cause, with the full knowledge, consent, and direction of said Otto Kuhn, entered into and made a compromise agreement with said Eliza Phillips, by which it was mutually agreed that the said Eliza Phillips should pay, and the said Otto Kuhn should receive, the sum of $600 in full payment and satisfaction of said judgment; that said sum of $600 was thereupon by said Eliza

Phillips paid, and said amount was by said Otto Kuhn re-ceived in full satisfaction and discharge of said judgment, and said entry of satisfaction and discharge of said judg-ment and said entry of satisfaction of said judgment, on the 11th day of July, 1885, was duly made and authorized. Said judgment rendered on the 17th day of September, 1887, vacating and annulling said entry of satisfaction of said judgment and awarding execution, should be set aside and vacated for the following reasons:

"First—Said entry of satisfaction of said judgment was made in good faith and for good and valid consideration and ought in justice to remain in full force and effect.

"Second—That said notice of said motion to set aside said entry of satisfaction was not served a reasonable time before the hearing of said motion to give defendant an op-portunity to defend.

"Third—That said motion did not emanate from the court, or by the direction of the court.

"Fourth—Said motion was unauthorized.

"Fifth—Said notice was insufficient to give the court jurisdiction over the defendant.

"Sixth—Said motion was false in the following recital: 'That I have filed a motion in said district court to set aside the entry of satisfaction of the judgment in the above entitled cause.' No such motion had been filed before serv-ice of said notice.

"Seventh—Said motion was false in stating that affida-vits would be used in the hearing of said motion. No affi-davits were filed or used in the court.

"Plaintiff further alleges that after said judgment was satisfied and discharged, said real estate was duly mort-gaged by said plaintiff for the sum of $1,200, with the full knowledge and belief of said mortgagor and mortgagee that said judgment was fully discharged and no longer a lien upon said premises, which said mortgage lien is still wholly unpaid and in full force; that if the satisfaction

and discharge of said judgment is, not allowed to be and remain in full force and effect, said mortgagee will be deprived of his right to a prior lien upon said premises and his rights will be greatly impaired and imperiled, to the great injury and injustice of said mortgagee; that plaintiff has no adequate remedy at law, and a sale of said real estate will cast a cloud upon plaintiff's title to the same.

"The plaintiff therefore prays for an order restraining the sale of said real estate under said execution and that on the final hearing of said cause said injunction be made perpetual and that said judgment annulling and setting aside said entry of said judgment be canceled and vacated, and for such other relief as is just and equitable."

Exhibit "A" is attached to the petition, from which it appears that the original action was brought against Eliza Phillips for "willfully and maliciously contriving and intending to injure the said Otto Kuhn and destroy his domestic happiness and alienate from him the affections of his wife and deprive him of her comfort, society, and assistance, did falsely state and represent to his said wife that said Otto Kuhn was a blasphemous and an immoral, irreligious, depraved, hypocritical, and godless man and wholly in the power and under the influence of the devil, and that it would be useless for his said wife to try to reclaim him from the bondage of the devil, as he was hopelessly and irretrievably lost; and the said defendant Otto Kuhn further alleged in his said petition that on or about October 1, 1882, and at divers times thereafter, your defendant herein, with the like evil and malicious intent and purpose, did falsely state and represent to the said Otto Kuhn's wife that he had before and at the time of his marriage with the said Rosina Kummer a lawful wife living in Germany, and that the said marriage with the said Rosina Kummer was wholly null and void, and that the said Rosina was not his wife at all, and that it would be sinful and criminal for her to cohabit with him; and that on or about the said 1st day

of October, 1882, and many times thereafter, your plaintiff herein, wrongfully and maliciously intending to injure him without any just cause, did advise, induce, and persuade and entice the said Rosina Kuhn not to cohabit with him; that his said wife, Rosina Kuhn, believing said statements and representations, and relying on their truth, drove him from her house and refused to longer cohabit with him and had since the 1st day of October, 1882, so refused; that the said Otto Kuhn claimed damages by reason of the aforesaid matters in the sum of $10,000 from your plaintiff." His was a verdict upon a very doubtful claim, which was liable to be reversed in the supreme court. The attorneys for Mr. Kuhn recognizing the fact, and to prevent a review of the cause, effected a compromise of the claim, and were thereupon paid the amount agreed upon. Afterwards Kuhn comes before the court and claims to be the sole owner of the judgment, and denies the authority of his attorneys to compromise the judgment, and the court evidently acted upon that view of the case. If the allegations of the petition are true, however, he was the owner of but half of the judgment, and his attorneys who effected the compromise and received the amount agreed upon were the owners of the other half. These allegations, if true, were a fraud upon the court and the plaintiff in error, for which she is entitled to relief. The rule is that where a judgment has been procured by artifice or concealment on the part of the plaintiff, a court of equity will grant appropriate relief. (*Tomkins v. Tomkins*, 11 N. J. Eq., 512; *Griffith v. Reynolds*, 4 Gratt. [Va.], 46 ; *Pratt v. Northam*, 5 Mason [U. S.], 95; *Fish v. Lane*, 2 Hayw. [N. Car.], 522; 1 Black on Judgments, sec. 37.)

In *Spencer v. Vigneaux*, 20 Cal., 442, S. sued V., G. and D., as partners, for $22,000. V. had paid $10,000 on this claim, but concealed the fact, and the plaintiff took judgment for the entire amount. Afterwards the partners discovered the true state of the account, and insisted on a

credit on the judgment for $10,000, and the court granted an injunction to prevent the enforcement of the original judgment. Indeed, the rule is general that a court of equity will grant relief against a judgment procured by the creditor's fraudulent concealment of facts. (*Cal. Beet Sugar Co. v. Porter*, 68 Cal., 369; *Chambers v. Robbins*, 28 Conn., 552; *Stone v. Lewman*, 28 Ind., 97; *Johnson v. Unversaw*, 30 Id., 435; *Rogers v. Gwinn*, 21 Ia., 58; *Dobson v. Pearce*, 12 N. Y., 165; *Holland v. Trotter*, 22 Gratt. [Va.], 136; 10 Am. & Eng. Ency. of Law, 143.)

A court of equity will grant relief upon the facts stated in the petition. The judgment of the district court is reversed, the demurrer overruled, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

POST, J., concurs.

NORVAL, J., dissenting.

I do not concur in the above opinion of the majority of the court. An attorney who obtains a judgment for his client cannot, in the absence of special authority so to do, receive in satisfaction of the judgment a less amount than is due thereon. Such was the holding of this court in *Hamrick v. Combs*, 14 Neb., 381.

The petition shows that the district court, in which the judgment was rendered, which is sought to be enjoined in this action, on motion of Otto Kuhn, and notice thereof given to Eliza Phillips, set aside and vacated the entry of satisfaction of the judgment, and awarded execution for the sum remaining unpaid. That the court had jurisdiction to hear and determine the matter on motion cannot be doubted (*Wilson v. Stillwell*, 14 O. St., 464; *Laughlin v. Fairbanks*, 8 Mo., 367), and its decision upon the motion is conclusive upon the parties until reversed in a direct proceeding brought for that purpose. If Kuhn's attorneys

Phillips v. Kuhn.

were authorized to make the compromise and settlement of the judgment, or if the entry of satisfaction was made with Kuhn's knowledge or consent, or if the attorneys were part owners of the judgment, as is now alleged in the petition, the same should have been urged on the hearing of the motion. It is now too late to do so. The order of the district court vacating the entry of satisfaction, in our view, is *res adjudicata,* as to all matters which were or could have been litigated on the hearing of the motion. It is a bar to this action, and the district court did **not** err in sustaining the demurrer to the **petition.** **The judgment** should be affirmed.