RICHARDSON & BOYNTON COMPANY V. SCHOOL DISTRICT NUMBER ELEVEN OF NUCKOLLS COUNTY.

FILED SEPTEMBER 17, 1895.    NO. 5795.

1. **Principal and Agent**: PROOF OF AGENCY. Agency cannot be proved by the acts or declarations of the alleged agent not brought home to the principal.

2. **Master and Servant**: SCOPE OF EMPLOYMENT. A master is not bound by the acts or declarations of his servant beyond the scope, or apparent scope, of the servant's employment.

ERROR from the district court of Nuckolls county. Tried below before MORRIS, J.

*Gregory, Day & Day* and *S. A. Searle,* for plaintiff in error.

*W. F. Buck, contra.*

IRVINE, C.

The Richardson & Boynton Company sued the school district to recover the unpaid purchase money of three heating furnaces which it alleged it had sold to the school district under a certain written contract. The school district denied that it had entered into the contract sued upon, and alleged a different contract containing an absolute warranty that the furnaces would work satisfactorily, and that if they failed to so work, the vendor would substitute furnaces of a different size, or would remove the furnaces and refund the money paid. The school district then counterclaimed for the amount of money paid on the furnaces, and for other damages. It recovered a verdict for the amount paid with interest. The plaintiff prosecutes error.

The furnaces were bought in 1886. The evidence tended to show that they were used during the winter of 1886 and

1887, and that in severe weather they proved insufficient to heat the building. Finally, plaintiff replaced two of the furnaces by others of a larger size. After a short trial the school district abandoned these and notified the plaintiff of that fact, and that the furnaces were at its disposal. There was much testimony as to the manner in which the furnaces had operated, and as to transactions between the parties in regard thereto. Mr. Buck, who was principal of the schools when the furnaces were first used, was interrogated as follows:

Q. During the winter did any agent of the plaintiff visit the school building for the purpose of inspecting or improving the operation of the furnaces?

A. They did.

Q. Were you present when they were there?

A. I was.

Q. State who it was and what was said and done.

A. His name was Mr. Springer, if I recollect correctly, and in company with me,—

Objected to by plaintiff, as incompetent, and does not disclose the fact that he is the agent of the plaintiff.

A. He represented himself as being an agent.

Objection by plaintiff to any statement of said party, as there is no proof of agency. Objection overruled. Plaintiff excepts.

Q. State who it was and what was said and done.

Objection by plaintiff to any statement of said party, as there is no proof of agency. Objection overruled. Plaintiff excepts.

A. He said the name was Springer. That he came there for the—he said the furnaces were not successfully operating in the heating of the building, as he expected they would be, and he asked me to observe their operation for a few weeks and write him at Chicago, giving them my observations as to the operation of the furnaces. He went to the various furnaces and was there for some time with

the janitor, and assisted the janitor in operating the furnaces. That is the substance of what was said and done by Mr. Springer.

Q. Did he make any changes or alterations in the construction of the heating apparatus?

A. I think he did. I would not state positively that he did, but I think he did.

Q. What was the result as to heating the building after the visit?

A. There was no change in the result.

The plaintiff assigns as error the overruling of the objection to the question calling for what Mr. Springer said and did. There is no testimony in the record as to Mr. Springer, other than we have quoted, except the following in the cross-examination of the manager of the plaintiff company:

Q. State who Mr. Springer was, if you know. Was he a member of your firm?

A. No.

Q. Was he an employe?

A. Yes.

Q. Was he sent to Superior for the purpose of observing the operation of those furnaces?

A. No.

Q. The plaintiff sent him to Superior?

A. Yes.

It will be observed that the only foundation for the evidence objected to was proof that Mr. Springer was in the employ of the plaintiff, that the plaintiff sent him to Superior, but not for the purpose of observing the operation of the furnaces, and that Springer represented himself to be plaintiff's agent. The manager's testimony was certainly insufficient to establish such a relation between Springer and the plaintiff as to make his acts and declarations competent. No general agency was shown. It was not shown that he had any authority at all in the premises,

and it was not shown that his business in Superior had any connection with the subject-matter of this controversy. It does not appear that the plaintiff ever acted upon, or ratified Springer's statements or acts while in Superior, or that it was ever informed thereof. The testimony of the witness that Springer represented himself to be plaintiff's agent was incompetent to establish agency. (*Stoll v. Sheldon*, 13 Neb., 207; *Nostrum v. Halliday*, 39 Neb., 828; *Burke v. Frye*, 44 Neb., 223.) There is no doubt that the relation of principal and agent may be inferred from the acts of the parties, as contended by defendant, and as held in *Columbus Co. v. Hurford*, 1 Neb., 146. But such acts must be in some way brought home to the principal. The acts of one claiming to be agent not so brought home are incompetent.

The warranty in the contract alleged by plaintiff was conditional, while that alleged by defendant was absolute. The court in stating the issues seems to have overlooked this feature, which was very important under the evidence to the rights of the parties, and submitted only the question as to whether the warranty alleged by the defendant had been broken. The admission in evidence of Mr. Springer's statement that the furnaces were not successfully operating was, therefore, particularly prejudicial.

Several other errors are argued, but for want of proper exceptions or assignments of error they cannot be considered. For the error in the admission of evidence the judgment is reversed.

REVERSED AND REMANDED.

RAGAN, C., not sitting.