HUMPHREY SMITH, APPELLEE, V. JAMES B. JONES ET AL., APPELLANTS.

FILED FEBRUARY 4, 1896.   No. 5996.

1. **Attorney and Client:** RELEASE OF DEBTOR. An attorney employed to collect a debt has not by virtue of his general employment authority to release a debtor except upon payment of the full amount of the debt in money.

2. ———: ———. Evidence examined, and *held* insufficient to authorize attorneys to make a contract as claimed by plaintiff for the release of a judgment.

APPEAL from the district court of Custer county. Heard below before NEVILLE, J.

*Darnall & Kirkpatrick,* for appellants.

*O'Neill & Morgan, contra.*

IRVINE, C.

This was an action by the appellee against Jones, the sheriff of Custer county, Foster, his deputy, and the Farmers & Merchants Insurance Company to restrain the defendants from the enforcement of a judgment of a justice of the

peace obtained by the insurance company against Smith. Relief against the judgment was sought on the ground that after the judgment was rendered (quoting the petition), "The Farmers & Merchants Insurance Company acknowledged the payment of said judgment and receipted for same in the following words and figures, to-wit:

" 'BROKEN BOW, Sept. 8, 1890.

Received of Humphrey Smith, two dollars, one-half costs Farmers & Merchants Insurance Co. v. Smith, also application for $3,000 insurance, in consideration of which we agree to release judgment in this case.

" 'KIRKPATRICK & HOLCOMB,
" '*Attorneys for Plaintiff.*' "

The evidence shows that after the judgment was obtained an agreement was entered into between Smith and Kirkpatrick & Holcomb, attorneys for the insurance company, whereby the judgment was to be released on payment by Smith of one-half the costs, estimated at $2, and the taking out of new insurance to the amount of $3,000. Smith paid the $2 and made application for insurance. The company wrote the policy and sent it to the attorneys, but it was never delivered to Smith, for the reason that he failed to pay the premium thereon. It will be observed that the instrument which plaintiff counts upon as evidence of the satisfaction of the judgment is not, in form, a release of the judgment, but an agreement to release, whether in consideration of the application for insurance or in consideration of the insurance is doubtful from the terms of the instrument. There is a conflict in the evidence as to whether the judgment was to be released on Smith's making application for the insurance, or

whether it was to be released only on his payment of the premium; but the evidence in support of the former view is very slight. In any event, the conflict is not material. The attorneys, by the undisputed evidence, had no express authority to release the judgment except upon the taking out of and paying for the new insurance. They merely had a general employment to collect the debt evidenced by the judgment; and the only subsequent authority obtained was through a letter inclosing the policy, with directions to collect the premium, and sent in response to a submission by the attorneys of a proposition to satisfy the judgment on the actual taking out of new insurance. The ordinary powers of an attorney do not authorize him to execute any discharge of a debtor but upon the actual payment of the full amount of the debt, and that in money only. (*Hamrick v. Combs,* 14 Neb., 381; *Stoll v. Sheldon,* 13 Neb., 207. See, also, *State Bank of Nebraska v. Green,* 8 Neb., 297, and *Luce v. Foster,* 42 Neb., 818.) If the agreement was as Smith claims, it was without authority on the part of the attorneys and was not ratified by the insurance company. It follows that the judgment of the district court granting an injunction as prayed by the plaintiff was erroneous.

REVERSED AND DISMISSED.