ANHEUSER-BUSCH BREWING ASSOCIATION V. ALEXANDER H. MURRAY.

$\begin{vmatrix} 47 & 627 \\ 58 & 413 \end{vmatrix}$

FILED MARCH 18, 1896. No. 6259.

1. **Agency:** EVIDENCE. Agency cannot be proved by the mere declarations of one assuming to act in that capacity.

2. **Review:** FINDINGS: PRACTICE. The finding of a jury will be set aside where there is not sufficient evidence to support it.

ERROR from the district court of Adams county. Tried below before BEALL, J.

*Capps & Stevens,* for plaintiff in error.

*C. H. Tanner, contra.*

NORVAL, J.

Alexander H. Murray brought suit in the court below against the Anheuser-Busch Brewing Association, alleging in the petition, substantially, that the defendant on the 1st day of January, 1891, contracted with him to manufacture for it

175 tons of ice at eighty-five cents per ton, if taken at the place of manufacture, or $1.15 per ton if delivered by plaintiff at the vaults, vats, and beer cooling-house of the defendant in the city of Hastings; that in pursuance of said contract plaintiff manufactured said quantity of ice for the defendant and tendered the same to it, both at the place of manufacture and at the other point designated in the contract; that defendant refused to receive any of said ice, or pay plaintiff for its manufacture, and that there is due from defendant $148.75 and interest at seven per cent from February 15, 1891, for which sum, with interest, judgment is demanded. The answer puts in issue the averments of the petition. Upon the trial to a jury, a verdict was returned for the plaintiff for $127.50, and judgment was entered thereon. The defendant has prosecuted a petition in error to this court.

We will notice but one of the forty-two assignments of error, and that is that the trial court erred in holding there was evidence upon which to found a liability against this plaintiff. The record discloses that the defendant is engaged in the manufacture of beer at St. Louis, Missouri, and that one J. K. Ellis is a wholesale dealer in the city of Hastings in keg and bottle beer of defendant's manufacture. In January, 1891, Murray, being the owner or manager of a natatorium in the city of Hastings which contained a large pool or artificial lake, capable of collecting and holding water in a body until frozen into ice, entered into a verbal contract with Ellis to put up 175 tons of ice upon the terms stated in the petition. The pool or lake was thereupon filled by Murray with water, which after the mercury had

fallen low enough, formed into ice about twelve inches thick, and sufficient in quantity to meet the requirements of said contract. Ellis refused to receive or accept the ice when tendered. The defendant below insists that Ellis was not authorized to, nor did he represent it in the making of the contract in question. Upon a careful reading of the evidence we are satisfied that it fails to show that Ellis was the agent of the defendant for any purpose whatever. He handled its beer, it is true, but not under a contract of agency. Ellis purchased the beer of the manufacturer in St. Louis in car load lots on thirty days' time and shipped the same to Hastings, where he sold it to retail dealers on his own account, and alone reaped whatever profits there were derived therefrom. Ellis, in handling the beer, used the defendant's cooling-house, vaults, and vats in the city of Hastings, but the defendant was not to, nor did it, furnish the ice used in storing, preserving, and cooling the beer bought by Ellis. The latter alone contracted for and procured the ice on his own account. The only evidence tending to establish the relation of principal and agent between the defendant and Ellis are certain alleged declarations of the latter, and the fact that he procured to be printed on the defendant's wagon used by him in his business, "J. K. Ellis, Agent." It is not shown that any officer or representative of the defendant had any knowledge that the foregoing sign was upon the wagon. Agency cannot be established by the mere declarations of the alleged agent. (*Nostrum v. Halliday*, 39 Neb., 828; *Burke v. Frye*, 44 Neb., 223; *Richardson & Boynton Co. v. School District*, 45 Neb., 777.) There is an entire failure of proof to show that

Ellis was the agent of defendant or possessed authority to bind it in the transaction. Whether the alleged contract is within the statute of frauds, and therefore void, because not in writing, it is unnecessary to determine. The judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

RYAN, C., not sitting.