GUS NORBERG V. ELI PLUMMER ET AL.

FILED APRIL 6, 1899. NO. 8771.

1. **Evidence: DOCUMENTS: FOUNDATION.** It is error to admit in evidence a book account or a letter until the proper foundation therefor has been laid.

2. ———: **AGENCY.** Agency cannot be established by the mere declarations of the alleged agent, and in a proper case it is error not to so instruct the jury.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*Gus Norberg* and *C. C. Flansburg,* for plaintiff in error.

*A. G. Greenlee* and *S. L. Geisthardt, contra.*

NORVAL, J.

This action was brought by Eli Plummer, Roscoe A. Perry, and John Fitzgerald, partners as Plummer, Perry

& Co., against Gus Norberg, on an account for goods alleged to have been sold and delivered by plaintiffs to defendant. The petition, which contained the usual and necessary averments, was answered by a general denial. The trial resulted in a verdict and judgment in favor of the plaintiffs, and from the overruling of the defendant's motion for a new trial he has prosecuted this error proceeding.

It is disclosed that in 1892 one W. H. Cowgill effected a trade of some land, which he owned, for a stock of goods at Tobias, he giving, in addition to the land, the sum of $1,000 in money, which sum he obtained for that purpose by borrowing the amount from the United States National Bank of Holdrege. A note was given for the amount of the loan, which was secured by a bill of sale of the stock of goods from the seller to Mr. Norberg, who at the time was vice-president of the bank and engaged in the practice of the law at Holdrege. The bill of sale, for convenience only, was taken in defendant's name and without his knowledge or assent, although he was subsequently informed concerning the transaction. Cowgill took possession of the stock of goods and made purchases on time from the plaintiffs, who were wholesale grocers in the city of Lincoln. The goods were ordered from plaintiffs by Cowgill in the name of G. Norberg, and they were shipped by rail to Tobias in the same name, where they were received by Cowgill and placed in the store. The evidence tends to show that the defendant was not aware that the store was being run in his name, or that Cowgill had opened an account with the plaintiffs in the name of Norberg; that in October, 1892, Cowgill informed the officers of the bank that the stock should be replenished with sugar and coffee, and he was directed by the defendant to use sufficient money derived from the sales to purchase such staple groceries as sugar and coffee as might become necessary, but not to buy goods on credit; that thereafter merchandise was obtained by Cowgill from plaintiffs on time in the name

of the defendant, and that in December, 1892, said stock of goods at Tobias was destroyed by fire. This action followed.

The assignments of error may be properly grouped under the following heads: (1.) The rulings of the trial court relating to the admission of evidence. (2.) Alleged errors in the giving and refusing of instructions. (3.) The verdict is not sustained by the evidence. A portion of these only it is deemed necessary to notice in this opinion.

Complaint is made of the receiving in evidence of Exhibit B, offered by the plaintiffs, which purports to be a copy of an account against the defendant for merchandise. This exhibit was inadmissible. No foundation for its introduction had been laid. It had not been shown that the goods mentioned therein had been sold and delivered either to the defendant personally or to any authorized agent, or that the account was true and correct, or a copy of the books of the original entries of the plaintiffs, nor were such books introduced in evidence.

Plaintiff introduced on the trial a letter, of which the following is a copy:

"Tobias, Nebr., Nov. 30, '92.

"*Plummer, Perry & Co., Lincoln*—Gentlemen: Your statement of Nov. 23 rec'd, and I check with you except one item of October 14, $9.87. This I have not got on my books, nor can I find any bill for same. Kindly give me a statement of what it was so I may look it up. Kindly bear with me for a few days and I will hustle as hard as I can. Collections slow, and trade none, everybody husking corn.

"Yours truly,                                 G. Norberg,
"By W. H. Cowgill."

This letter should have been excluded from the jury, because no foundation for its reception as evidence had been laid. It was not shown that the letter was written by the defendant, or even by Cowgill, who assumed to represent him. Objection to the admission of the letter

was seasonably made, and on proper ground, and the objection should have been sustained. For the same reason Exhibits F and G should not have been received as evidence. Each purported to be an order for goods, and signed in the same manner as the letter. The signatures of the defendant and Cowgill to those orders were not proven.

The defendant tendered the following instruction, which the court declined to give, which refusal is assigned for error: "1. The court instructs the jury that, as a matter of law, the mere declarations of an agent are not in themselves evidence of authority of such agency, and that in order to bind the principal by the acts, declarations, or contracts of the agent, proof of the agency must first be established, and although the jury may find from the evidence in this case that the plaintiff herein sold the goods in controversy upon the order of W. H. Cowgill, who signed himself as an agent of G. Norberg, and actually received the goods and receipted for the same in the name of G. Norberg, yet the court instructs you, as a matter of law, that in order to bind the defendant Norberg and render him liable to the plaintiff there must be proof, first, that the said Cowgill was in fact the agent of the said Norberg, and had authority to represent him in the conduct of said business; or second, that the said Norberg knew that said Cowgill was purchasing goods in the name of said Norberg, and with said full knowledge on the part of said Norberg he assented thereto." This instruction enunciated correct legal principles applicable to the case, and should have been given. The plaintiffs had introduced proof of the declarations of Cowgill and that he was defendant's agent. Such declarations alone, as suggested in the request, were insufficient proof of agency, and the jury should have been so advised. (*Burk v. Frye*, 44 Neb. 223; *Anheuser-Busch Brewing Ass'n v. Murray*, 47 Neb. 627; *Richardson v. School District*, 45 Neb. 777.) It was not claimed that the defendant personally bought or received the goods, the

contention of the plaintiffs being that Mr. Cowgill represented Norberg in the transaction and conducted the business for him at Tobias. Cowgill ordered goods for Norberg in the name of the latter. To charge the defendant therefor it devolved upon the plaintiffs to establish that Cowgill was Norberg's agent, or that the defendant had acknowledged that goods were being bought in his name by Cowgill and Norberg assented thereto. The refusal of the request was reversible error, as the substance thereof was not covered by any of the instructions given.

Certain instructions given are assailed in the brief, but they need not now be considered, nor is it essential that we review the evidence to ascertain whether it sustains the verdict. The judgment, for the errors indicated, is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.