---

C. F. BLANKE TEA & COFFEE COMPANY v. REES PRINTING COMPANY.

FILED DECEMBER 2, 1903. No. 13,187.

1. **Proof of Agency.** Agency can not be proved by the acts or declarations of the alleged agent not brought home to the principal.

2. **Evidence.** Evidence examined, and *held* not to support the finding and judgment.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Reversed.*

*Stillman & Price,* for plaintiff in error.

*Nelson C. Pratt* and *Edward M. Wellman, contra.*

DUFFIE, C.

Plaintiff in error is a corporation organized for the purpose of dealing in teas, coffees and other like articles, with its principal place of business in the city of St. Louis, Missouri. Defendant in error is a corporation conducting a printing and lithographing business in the city of Omaha, Nebraska. Sometime prior to the year 1901, plaintiff in error contracted with Charles Spies & Co., a partnership doing business at Kansas City, Missouri, to give them the exclusive sale of its goods in certain states, including the state of Nebraska. Spies & Co. were not acting as the agent of the Blanke Tea & Coffee Co., but purchased goods from them direct, and sold them on their own account, the Blanke Tea & Coffee Co. agreeing not to sell to any other parties in the territory given to Spies & Co., while Spies & Co. agreed to buy all of their goods of the Blanke Tea & Coffee Co., their business of jobbing such goods in the territory set apart to them being, as we understand from the evidence, entirely at their own risk and expense. About February, 1901, Spies & Co. employed one J. W. Johnson to sell goods for them in Nebraska on commission. His power extended no further than to take orders for goods, which were submitted to Spies & Co. for acceptance or rejection, as they might find the sale desirable or not. In August, 1901, Johnson gave the Rees Printing Co. a written order for five thousand advertising pamphlets called "Rinehart's Indian Books," which Rees & Co. were publishing, and in which a number of the business men of Omaha had ordered advertisements. One page of this pamphlet was to contain an advertisement of the Blanke Tea & Coffee Co. and the portrait of C. F. Blanke, the president. The order is as follows: "Omaha, August 21, 1901. Rees Printing Co. Please furnish me five thousand

Indian Books for which we agree to pay the sum of $1.00 upon delivery of goods. Your advertisement to run in fifty thousand books. J. W. Johnson, Agt. C. F. Blanke Tea & Coffee Co."

On account of some trouble between them, Johnson was discharged by Spies & Co., and the books not having been paid for, the Rees Printing Co. commenced an action in attachment to recover the amount. Judgment went in favor of the plaintiff below, and the Blanke company has taken error to this court.

The evidence is clear and undisputed that Johnson was never in the employ of the Blanke Tea & Coffee Co., either as agent or otherwise; but it is sought to hold that company upon the ground that it, through Spies & Co., knowingly permitted Johnson to be placed in a situation in Omaha, as agent, so that persons of ordinary prudence, conversant with business usages and the nature of the particular business in which Johnson was acting, were justified in presuming that he had authority to perform the acts done by him and to bind the Blanke company thereby. The facts upon which the claim is based are as follows: Johnson used two forms of letterheads. One form gave the location of branch houses of the Blanke Tea & Coffee Co., as follows: 118 East 14th St., New York; 42 & 44 Michigan Ave., Chicago; and 522 Delaware St., Kansas City; and the name of J. W. Johnson, agent in Nebraska. The other form gave the location of branch houses the same as above, together with the name of J. W. Johnson, Gen. Agt., Office 508-510 Bee Bldg., Omaha, Nebraska. These letterheads were in use by Johnson in his correspondence with Spies & Co., of Kansas City, and on one or two occasions he wrote to the Blanke Tea & Coffee Co., at St. Louis, using the paper having this letterhead. The door of his office room in the Bee building bore his name, and described him as general agent of the Blanke Tea & Coffee Co., of St. Louis, Mo., and this was all the evidence, aside from Johnson's own declarations, tending to establish an agency or to show that the Blanke Tea &

Coffee Co. knew that he was holding himself out as their agent in Nebraska. Is this evidence sufficient to support the verdict? We think not. The law is well established that agency can not be proved by the the acts or declarations of the alleged agent not brought home to the principal. *Richardson & Boynton Co. v. School District No. 11, Nuckolls County*, 45 Neb. 777; *Stoll v. Sheldon*, 13 Neb. 207; *Nostrum v. Halliday*, 39 Neb. 828; *Burke v. Frye*, 44 Neb. 223.

If knowledge had been brought home to the Blanke Tea & Coffee Co. that Johnson was dealing with parties in Omaha as their agent and attempting to bind them as such, it may be that the law would require them to disavow his acts and to inform the parties of his want of authority; but, until they had some knowledge that he was so conducting himself, the law is not so unreasonable as to charge them with his acts, or to bind them by contracts made on their behalf, when he had no authority to do so. The order for advertising was taken in August, 1901. The evidence is entirely barren of any notice brought home to the Blanke Tea & Coffee Co. that this order had been given, and the only attempt made to show knowledge on its part is two letters written by Johnson to the Blanke company on paper containing the letterheads above referred to, but of a date subsequent to the making of the contract. The fact that these letterheads described Johnson as its agent could not, in the nature of things, give the company notice that he had contracted with the Rees Printing Co. for advertising, nor will the law assume, from the receipt of such a letter, that the company intended to ratify and confirm whatever Johnson had done or might do as their pretended agent. Can the fact that Spies & Co., of Kansas City, knew or had reason to believe that Johnson was holding himself out as the agent of the Blanke Tea & Coffee Co. serve to bind the latter company? Spies & Co. were not the agents of the Blanke company. They were acting wholly on their own behalf in selling the merchandise of that company, and, while the evidence shows that they ad-

vertised themselves as a branch of the Blanke company, this would not make the company liable for the acts of Spies & Co.'s employees, with which the Blanke company had no connection and of whom it had no knowledge, and this is especially true where the party dealing with Johnson had no knowledge of the fact that Spies & Co. were claiming to be a branch house of the Blanke Tea & Coffee Co.

The verdict of the jury was wholly unsupported by the evidence, and we recommend that the judgment entered thereon be reversed and the cause remanded.

KIRKPATRICK, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.