AUGUSTA ERWIN, APPELLANT, V. ELIZABETH KUHLMAN ET AL., APPELLEES

FILED JANUARY 24, 1936. No. 29496.

*Charles W. Haller* and *Birginal & Kersbergen,* for appellant.

*George Evens, contra.*

Heard before GOSS, C. J., ROSE and CARTER, JJ., and REDICK and KROGER, District Judges.

ROSE, J.

This is an action to quiet in Augusta Erwin, plaintiff, title to, and restore to her possession of, lots 5 and 6, block 1, in Clark Redick's Addition to Omaha. Elizabeth Kuhlman, and her guardian, Dorothy Layne, are defendants. Augusta Erwin and Dorothy Layne are daughters of Elizabeth Kuhlman, a widow who is more than 80 years of age and now too feeble physically and mentally to manage her own property. The mother, by her guardian, is in possession of the lots described, pays the taxes thereon, keeps buildings on the lots in repair and collects and uses the income therefrom. By warranty deed dated June 8, 1932, without restriction, condition or reservation therein, Elizabeth Kuhlman, the mother, grantor, conveyed each of the lots to her daughter, Augusta Erwin, grantee, for the recited consideration of one dollar. The deeds were recorded, but, with the abstracts of title, were subsequently kept in possession of grantor. The petition stated facts sufficient to constitute a cause of action to quiet the title in plaintiff.

The answer contained pleas to the effect that the deeds

were gifts from mother to daughter on condition of the right of grantor, during the remainder of her life, to retain possession of the property, to manage it and to enjoy the income therefrom. The reply put in issue facts pleaded as an affirmative defense.

Upon a trial of the cause the district court found the issues in favor of defendants and dismissed the action. Plaintiff appealed to the supreme court.

On appeal plaintiff contends that the judgment in favor of defendants is erroneous and cannot be permitted to stand, because the life estate pleaded as the sole defense depends alone on inadmissible, oral testimony contradicting written terms of the duly executed and delivered warranty deeds which conveyed to plaintiff without conditions, restriction or reservation the absolute title to the real estate in controversy.

Copies of the warranty deeds are in the record. As drawn and executed they convey to plaintiff the absolute title to the real estate described therein without reserving a life estate or any other interest for the benefit of grantor. Parol evidence is inadmissible to prove that grantor in a warranty deed conveying real estate to grantee without exception, condition or reservation retained a life estate therein by a contemporaneous oral agreement. With the inadmissible oral testimony disregarded, as it should be on the issues as the record now stands, the judgment below is without support in the evidence. It does not necessarily follow, however, that defendants are wholly without a remedy in equity. If the testimony adduced by them is true, the warranty deeds do not express the entire contracts between the parties to them. The judgment of the district court is reversed, with permission to defendants, if so advised, to amend their answer to plead facts essential to, and pray for, reformation of the deeds to conform to the conditions on which they were executed.

REVERSED AND REMANDED.