BERTHA WEIDENFELD, APPELLANT, V. OSCAR A. OLSON, APPELLEE.

271 N. W. 806

FILED MARCH 9, 1937. No. 29809.

*Spillman & Ptak,* for appellant.

*Burkett & Robinson, contra.*

Heard before ROSE, GOOD and CARTER, JJ., and KROGER, District Judge.

GOOD, J.

November 13, 1931, plaintiff and defendant entered into a written lease, by the terms of which plaintiff leased to defendant a farm from the 1st day of March, 1932, to the 1st day of March, 1937. The lease provided that defendant should pay as rental the sum of $3,200, payable as follows: $320 on the 1st day of October, 1932, and a like amount on the 1st day of October thereafter for each of the succeeding four years; $320 on the 1st day of January, 1933, and a like amount on the 1st day of January for the succeeding four years: These 10 payments were evidenced by 10 promissory notes, each bearing interest at the rate of 10 per cent. per annum from maturity.

Three causes of action are set out in the petition. The first cause is for a balance of $50, alleged to be due on the note maturing January 1, 1934. The second and third declare for the full amount of the notes maturing, respectively, October 1, 1934, and January 1, 1935.

In his answer defendant alleged that the rental provided for in the written lease was only tentatively fixed, and that there was a contemporaneous oral agreement, made at the time of the execution of the lease, that, in case of a poor year or a poor crop, the plaintiff would throw off a part of the cash rent and make a just and equitable deduction, and defendant alleged that he relied upon said oral agreement; that the year 1934 was very poor; that the crop was extremely poor and almost a total failure, and that by reason thereof there had been a partial failure of the consideration of said notes, and that defendant was not indebted to plaintiff for the full amount of said notes, but was willing to pay, and was liable only for, a just, fair and equitable rent for the year 1934. As a further defense to the first cause

of action, defendant alleged that 1933 was a poor crop year and that plaintiff had consented to accept $540 for that crop year, and that such amount had been paid, and he therefore claimed there was nothing due upon the note due January 1, 1934.

By stipulation of the parties the new matter in the answer was treated as denied. At the close of defendant's evidence, plaintiff moved for a directed verdict upon each of the causes of action. The motion was overruled. Thereupon, the plaintiff put in rebuttal testimony, and after the close of all the testimony the court sustained a motion by defendant to direct a verdict for him on the first cause of action, and again overruled plaintiff's renewal of her motion for a directed verdict on the second and third causes of action. The cause was submitted to the jury, which returned a general verdict for the plaintiff in the sum of $225. Plaintiff has appealed.

Many errors are urged, but we shall consider only those that are essential to a determination of the cause.

Plaintiff complains because the court permitted oral evidence of an alleged contemporaneous oral agreement as to a reduction in the rental, in the event of a poor crop year or failure of crops.

We think the rule relating to parol testimony to vary or contradict a written instrument is aptly set forth in *Spiegal & Son v. Alpirn,* 107 Neb. 233, 185 N. W. 415. It was there held:

"Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of the payment of a money consideration, and is of a contractual nature, parol or extrinsic evidence is not admissible to vary or contradict the consideration expressed.

"The rule that parol evidence is admissible to prove that contemporaneously with, or preliminary to, the execution of a written contract the parties entered into a distinct oral agreement on some collateral matter or as a condition on which the performance of the written contract is to depend,

does not apply where the written contract is complete in itself and unambiguous, and where it expresses a contractual consideration."

In the opinion it was said (p. 245): "The test which most of the courts have applied to determine whether parol evidence is admissible to prove a collateral agreement is whether or not the writing appears upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties, and whether or not the parol evidence is consistent with, and not contradictory of, the written instrument." Among other decisions by this court, holding to a like tenor, are the following: *Wessell v. Havens,* 91 Neb. 426, 136 N. W. 70; *Smith v. Bailey,* 105 Neb. 754, 181 N. W. 926; *Schuster v. North American Hotel Co.,* 106 Neb. 679, 186 N. W. 87; *Security Savings Bank v. Rhodes,* 107 Neb. 223, 185 N. W. 421; *Erwin v. Kuhlman,* 130 Neb. 249, 264 N. W. 676.

In the instant case, from an inspection of the written lease, it appears to be a complete instrument, embracing all of the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties. It is not a mere receipt or acknowledgment of the amount of rental to be paid, but the consideration is contractual in its nature. The oral evidence, offered and admitted, of the alleged contemporaneous oral agreement tends to directly contradict and vary the terms of that instrument. We think the evidence was improperly admitted. Moreover, the evidence is insufficient to establish the making of such an oral agreement. According to defendant's evidence, when plaintiff called upon him at the farm prior to the making of the written lease, there was a conversation in which he asked that plaintiff execute a lease, permitting him to pay share or crop rent, in the event of a poor year or crop failure; she answered she was unwilling to do that, but said she would rather throw off some of the cash rent than lease for grain or share rent. Thereafter, they went to the town of Hartington some

miles distant, where the lease and notes were drawn by a banker, who testified that he put into the contract what the parties desired and expressed to him. There was no agreement on the part of the plaintiff that she would take less than the rental stipulated for in the lease. The evidence, therefore, even if it had been admissible, was insufficient to establish the alleged oral agreement. The alleged oral agreement was not contemporaneous with, but was some time in advance of, the execution of the lease and the promissory notes.

Defendant cites and relies upon a number of decisions by this court where exception to the general parol evidence rule is recognized. Among them are *Norman v. Waite,* 30 Neb. 302, 46 N. W. 639; *First Nat. Bank v. Burney,* 91 Neb. 269, 136 N. W. 37, overruled in *Security Savings Bank v. Rhodes, supra; Seminole Bond & Mtg. Co. v. Investors Realty Co.,* 127 Neb. 193, 254 N. W. 732; and some earlier cases, which are fully distinguished in the case of *Spiegal & Son v. Alpirn, supra.* In the *Seminole Bond & Mtg. Co.* case, the general rule is recognized, but, under the facts stated in that case, it was held to be an exception to the rule. None of the above cases is applicable to the facts disclosed by the record in the instant case. The record in this case does not warrant the application of any exception to the parol evidence rule.

With reference to the defense as to the balance due upon the first cause of action, the record shows that plaintiff had placed that note in the hands of an attorney for collection, who, without authority, made thereon this indorsement: "By agreement $50.00 deducted. $270.00 paid on this note. $9.00 int paid on this note. Payments made April 28, 1934." Defendant contends that plaintiff had authorized such payment or deduction in a letter written by her, which was introduced in evidence. That letter was clearly an offer to compromise. It was dated February 16, 1933, and stated that she would accept $540 for that year's rent "if you pay now." The offer was not accepted, and the payment was not made, in any event, until more than two months later.

"An attorney employed to collect a note has no implied authority to discharge debtor from liability on receipt of a lesser amount than that due.

"An agent or attorney may not, without express authority, compromise or settle a claim or release a debtor from his obligation without receiving the full amount due." *People's State Bank v. Bloch,* 249 Mich. 99, 227 N. W. 778.

In *Smith v. Jones,* 47 Neb. 108, 66 N. W. 19, it was held: "An attorney employed to collect a debt has not by virtue of his general employment authority to release a debtor except upon payment of the full amount of the debt in money." To the same effect is *Hamrick v. Combs,* 14 Neb. 381, 15 N. W. 731. See, also, *Fitzgerald v. Fitzgerald & Mallory Construction Co.,* 44 Neb. 463, 62 N. W. 899.

From a consideration of the entire record, it appears that there was no valid defense to any of the three causes of action, and the trial court should have sustained plaintiff's motion, at the conclusion of defendant's evidence, to direct a verdict for plaintiff as to each of said causes of action.

It follows that the judgment of the district court is erroneous and is reversed and the cause remanded, with directions to enter judgment for plaintiff, as prayed, upon each of the three causes of action.

REVERSED.