MANN v. THE INDEPENDENT SCHOOL DISTRICT OF LE GRAND.

1. **Contract**: WHEN IN WRITING: EVIDENCE.   Where there is an admitted written contract for services rendered, it is not competent to prove that there was a different oral contract embracing the same services and under which they were rendered.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 23.

THE plaintiff alleges in substance that he entered into an unwritten contract with the board of directors of the defendant to teach the graded school of defendant for eight months; four months at forty dollars per month, and a winter term of four months at fifty dollars per month; that plaintiff, on the 16th day of September, 1878, entered upon the discharge of his duties and continued to teach for two months, when, without any cause, he was discharged. Plaintiff asks judgment for $500 damages.

The first count of the answer denies specifically all the allegations of the petition.   The second count of the answer is as follows:   "And for further answer defendant avers that on the 16th day of September, 1878, they entered into a written contract with plaintiff to teach their school for two months, a copy of which contract is hereto attached, marked "A," and made a part hereof; that under and in accordance with said written contract, the plaintiff did teach a school for defendant for two months at the contract price of forty dollars per month, which sum has been paid by the defendant to plaintiff, and was received by plaintiff in full for his services for the time taught. That since the making of said written contract with plaintiff as set out by copy, and with that exception, defendant at no time has made a contract, verbal or written, with plaintiff, to teach their school, and having paid plaintiff for and in full of the contract price ask to be discharged with their costs."

Exhibit "A," attached to this answer, is a copy of a written contract duly executed between the plaintiff and the defendant

for the teaching by plaintiff of a school for defendant for the term of eight weeks, commencing September 16th, 1878, at forty dollars per month. The plaintiff demurred to the second count of the defendant's answer. The demurrer was overruled and the plaintiff excepted. The cause, thereupon, came on for trial to a jury. Pending the trial the court took the cause from the jury and rendered a judgment for the defendant for costs. The plaintiff appeals.

*J. M. Parker*, for the appellant.

*Brown & Binford*, for the appellee.

DAY, J.—I. The demurrer was properly overruled. The second count of the answer sets up what is alleged to be the only contract made with the plaintiff, and avers that the defendant has fully complied with the terms of that contract. These facts, if true, constitute a complete defense.

II. The plaintiff offered to prove by himself that, at the request and instance of the defendants, he gave up a school at Union Grove, Tama county, to teach defendants' school; that he entered upon this contract and taught two months; that without any reason or objection he was dismissed and refused permission to teach further in the school; that he went into the school and taught, and commenced to teach under his contract before anything was said about a written contract; that the directors told him it was their custom not to have a written contract for the year; that it was not their custom to make written contracts for the whole year, and that it would not impair his rights under the contract for a year; that plaintiff presented himslf at the proper time and place and asked to be allowed to proceed with the contract; that he made the contract with the president of the board, and that the other members were aware of the existence of the contract that he was teaching under, and made no objections and paid him for two months of the time, knowing that he was teaching under the contract for a year; that no written contract of any kind was made or offered to be made until after plaintiff had been teaching; that he left his school at forty dollars per

*(margin note: 1. CONTRACT: when in writing: evidence.)*

month because of a promise to give him fifty dollars, which they afterwards refused to give. The plaintiff also offered to prove some of the above facts by J. B. Welker, the president of the defendant's board of directors. The defendant objected to all of this proffered testimony, and the objection was sustained. The plaintiff offered no further evidence, and the court took the cause from the jury, and rendered judgment against the plaintiff for costs. The plaintiff's offered evidence impliedly concedes the making of the written agreement set out in the defendant's answer after the plaintiff entered upon the term. The position of plaintiff seems to be that, notwithstanding the written contract for two months, the plaintiff may show that there was a parol contract for eight months. In this position the plaintiff is in error. It is conclusively presumed, in the absence of fraud, accident or mistake, that the written contract embraces all the agreement of the parties.

The plaintiff relies upon *Athearn v. Independent District of Millersburg*, 33 Iowa, 105, and *Cook v. Independent District of North McGregor*, 40 Iowa, 444. Neither case sustains the plaintiff's position. In the first case there was a written contract which was enforced according to its terms. In the second there was no written contract, and the parol contract was enforced because of part performance. In this case there is a written contract, and no parol contract can be proven.

AFFIRMED.