JOHN F. NYCE, PLAINTIFF IN ERROR, V. OLIVER B. SHAFFER, DEFENDANT IN ERROR.

20 507
22 651
24 303

20 507
26 593

20 507
30 125
31 11

20 507
34 660
35 702

20 507
36 612

20 507
42 345

20 507
45 880

20 507
47 318

20 507
58 538

1. **Bill of Exceptions.** By section 311 of the civil code the time within which a bill of exceptions is to be prepared begins to run from the final adjournment of the district court. A motion to quash such bill because not reduced to writing within the time required by law will be overruled unless the date of the adjournment of the district court is shown by the record.

2. **Trial.** Questions of fact are for the jury, and a verdict or finding by them on a question of fact where the testimony is conflicting will not be reviewed.

3. **Instructions: EXCEPTIONS.** Objections to instructions to a trial jury will not be noticed by the supreme court unless the attention of the trial court is first called to them by the proper exceptions at the time the instructions were given. *Warrick v. Rounds*, 17 Neb., 412.

4. ———: OBJECTIONS. Instructions asked and refused, or objected to, must be specifically pointed out in some way in the motion for a new trial. *O. & R. V. R. R. Co. v. Walker*, Id., 432.

ERROR to the district court for Hall county. Tried below before POST, J.

*L. J. Capps*, for plaintiff in error.

*R. A. Batty*, for defendant in error.

REESE, J.

A motion was made to quash the bill of exceptions in this case for the reason that the same was not reduced to writing within the time required by law.

The judgment was rendered Feb'y 18th, 1884, and the bill of exceptions was presented to counsel for defendant in error June 21st of the same year. It was subsequently allowed and signed by the judge before whom the cause

was tried, but the date of the allowance and signing does not appear. Neither does the record anywhere show at what time the court adjourned *sine die.*

Section 311 of the civil code provides that the bill of exceptions must be reduced to writing "within fifteen days, or in such time as the court may direct, not exceeding forty days from the adjournment of the court *sine die,*" etc.

As we have no means of knowing when the adjournment did occur, we must presume that the bill was signed within the time fixed by the statute. The motion is therefore overruled.

The cause was submitted generally upon the brief of plaintiff in error, defendant in error having failed to present one. The action was a replevin suit instituted by defendant in error for the possession of certain personal property levied upon by plaintiff in error, a constable, as the property of one Abram Dunkle by virtue of a certain writ of attachment against him. The answer denied the ownership or right of possession of defendant in error, set out his official character, the issuance and delivery to him of the writ, the fact of the levy upon the property as that of Dunkle, and alleged that he was the owner, jointly with another, of part of the property replevied, and was the sole owner of the remainder, and that therefore the levy was rightful, and he (plaintiff in error) was entitled to the possession of the property in dispute. A trial was had which resulted in a verdict and judgment in favor of defendant in error. Plaintiff in error, who was defendant below, brings the cause to this court by proceedings in error for review.

It is claimed that the testimony shows that a part of the property—some hogs—were held by Dunkle as the bailee of one Jackson, or at most a joint owner with him, and that no title could vest in Dunkle until after a division of the property; and that therefore he could convey no title to defendant in error. It must be sufficient here to say

that this question of the ownership of Dunkle, as well as of his sale to defendant in error, were fully submitted to the jury, and that the evidence in favor of the contention of defendant in error was sufficient to sustain the verdict.

Objection is made to one instruction given by the court to the jury, but as no exception was taken to it when given, nor was it assigned for error in the motion for a new trial, it will not be noticed here. *Scofield v. Brown*, 7 Neb., 222. *O. & R. V. R. R. Co. v. Walker*, 17 Id., 432. *Warrick v. Rounds*, Id., 412.

No error appearing of record, the judgment of the district court is affimed.

JUDGMENT AFFIRMED.

THE other judges concur.