City of Omaha v. McGavock.

CITY OF OMAHA V. ALEXANDER McGAVOCK.

FILED MARCH 3, 1896. No. 6046.

1. **Municipal Corporations**: CONSTRUCTION OF VIADUCT: DAMAGES: EVIDENCE. *Held*, That the evidence set out in the opinion was competent for the jury to consider in connection with the other evidence adduced on the trial, for the purpose of determining whether the plaintiff's property was damaged by reason of the location and construction of the viaduct in the street in front of said premises.

2. **Instructions**: EXCEPTIONS: REVIEW. The refusal of an instruction must be excepted to in the trial court, in order to lay the foundation for its review in this court.

3. ——: ——: ——. A general exception to instructions, whether given or refused, is not sufficient. Exception must be specifically taken to each instruction in order to have the same considered by the supreme court.

4. **Action Against City for Damage to Property by Construction of Viaduct**: VERDICT FOR PLAINTIFF. The verdict is supported by sufficient evidence.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*E. J. Cornish* and *J. H. Macomber*, for plaintiff in error.

*Francis A. Brogan, contra.*

Norval, J.

Alexander McGavock recovered a judgment in the court below against the city of Omaha in the sum of $2,374.50, for damages alleged by him to have been sustained by the reason of the location and construction of the Tenth street viaduct in said city, upon which street plaintiff's property abuts. To review said judgment the city has removed the cause into this court.

The assignments of error argued in the brief of the city attorney may be divided into three groups, namely, (1) those relating to the rulings of the court upon the admission of testimony; (2) alleged errors in the giving and refusing of instructions; (3) the damages assessed by the jury are excessive and contrary to the evidence. We will consider them in the order stated.

Complaint is made of the introduction of certain testimony of J. J. Berger and John W. Bell, witnesses for the plaintiff below. The former was tenant of the plaintiff, occupying the premises in controversy for business purposes, prior and subsequent to the erection of the viaduct, which structure was completed in 1891. He testified that the travel over and along Tenth street in front of plaintiff's property previous to the construction of the viaduct was fair, and the premises were in a first-class location for the business in which the witness was engaged, but that since the completion of the viaduct only a small portion of the traffic over this street; the major portion

goes over the viaduct and some over the Eleventh street viaduct. The witness being interrogated by plaintiff's attorney, testified, over the objections of the city, as follows:

Q. What portion of the traffic has gone over the street since the construction of the viaduct?

Objected to by the defendant, as incompetent, immaterial, and not the proper way to prove damages, too remote and uncertain. Overruled and defendant excepts.

A. I should judge it was a small one-third.

Q. How does the change in the amount of traffic affect business in stores fronting on Tenth street?

A. It affects it quite an extent.

Q. To what an extent in your business?

Objected to by the defendant, as calling for a conclusion, improper, immaterial, and not the proper way to prove damages, and too remote. Overruled and defendant excepts.

A. I should guess it was about one-third; that is, I am getting one-third I used to have.

John W. Bell was called and examined as a witness on the part of the plaintiff, who, after testifying that he was engaged in the drug business in a part of plaintiff's premises, that he was familiar with the traffic on Tenth street before and since the viaduct was constructed, that prior to the commencement of the erection of the viaduct plaintiff's property was an elegant location for retail purposes, and that the construction of the viaduct destroyed the traffic and affected the business on Tenth street, testified as follows:

Q. Now, you may state in your particular case what effect the construction of that viaduct and the traffic on the old surface Tenth street have on your business.

Objected to by defendant, as incompetent, immaterial, irrelevant, and calling for a conclusion of the witness.   Objection overruled.   Defendant excepts.

A. It made a difference in my business by about three thousand in a year.

Q. What proportion was that of your entire business?

Objected to, as incompetent, immaterial, and irrelevant, and calling for the conclusion of the witness.   Objection overruled.   Defendant excepts.

A. About one-quarter.

Q. Do you mean that your gross receipts fell off by that much, or your profits?

Objected to by defendant, as incompetent, immaterial, and irrelevant, and calling for the conclusion of the witness.   Objection overruled.   Defendant excepts.

A. Do you mean from the time the viaduct was completed until I moved?

Q. I would rather take it from some definite period—some per annum, if you know.

A. My business was destroyed by that much.

Q. Can you state by what proportion your custom suffered by reason of the construction of the viaduct?

Objected to by defendant, as incompetent, immaterial, irrelevant, and calling for the conclusion of the witness.   Objection overruled.   Defendant excepts.

A. From a good business to none at all.

It is argued by the city that it did not have a fair trial by reason of the introduction of the foregoing testimony.  It was shown upon the trial, by numerous witnesses, the value of the real estate

in controversy, both before and after the location
and erection of the Tenth street viaduct.    The
testimony of the witnesses upon that branch of
the case was exceedingly contradictory.    It is be-
lieved by my associates, although I cannot fully
yield assent thereto, that the testimony quoted
was competent, as tending to show that the mar-
ket value of the property was greatly diminished
by the building of the viaduct.    If by reason of
such structure the travel was diverted from the
surface of the street, and the premises were not so
desirable or accessible for business purposes, that
was a matter for the jury to take into considera-
tion in arriving at a verdict.    So, too, it was perti-
nent to show that the business of the occupants of
the property was affected by the improvement.
Not that it was proper for the jury to base their
verdict upon such fact or testimony alone, but it
should be considered in connection with the other
testimony adduced in determining whether plaint-
iff has been damaged or not.    Suppose the situa-
tion of the property had been such that by the
building of the viaduct it would have been more
desirable for the uses for which it was intended or
devoted, or for any other purpose, and the volume
of business of the occupants had been greatly in-
creased thereby.    Could there be any room for
doubt that the city might not have shown such
facts?    Clearly not.    It was equally proper in the
case at bar to show that the decrease of travel
along and upon the surface of the street, and the
destruction of the business of plaintiff's tenants
was attributable to the location and erection of
the viaduct.    The assignments relating to the ad-
mission of the testimony above set out are over-
ruled.

Objections are urged in the brief of the city to the giving of the fourth and fifth instructions requested by the plaintiff, and the refusing of the defendant's fifth, eighth, ninth, and eleventh. The defendant's eleventh instruction was not excepted to in the trial court, therefore no foundation is laid for its review here. (*Scofield v. Brown*, 7 Neb., 221; *Warrick v. Rounds*, 17 Neb., 412; *Nyce v. Shaffer*, 20 Neb., 507; *Darner v. Daggett*, 35 Neb., 695; *Barr v. City of Omaha*, 42 Neb., 341.) The other instructions,—those given as well as the ones refused,—of which complaint is made cannot be considered by us, because no exception was specifically taken to any of them in the district court. A general exception was taken to all, which was insufficient for the purpose of review in this court. (*Brooks v. Dutcher*, 22 Neb., 644; *First Nat. Bank of Denver v. Lowrey*, 36 Neb., 290.)

It is finally insisted that the evidence fails to show that McGavock has sustained any damages by the building of the viaduct. The testimony introduced by the plaintiff in error tended to show that the fair market value of the property was not depreciated by the improvement. Some of the witnesses on that side testified to the effect that the value was the same after the construction of the viaduct as immediately prior to its location, while the construction to be placed upon the testimony of others called and examined by the city is that the property was enhanced in value by the erection of the viaduct. The several witnesses examined by the plaintiff,—the most of whom appear to be disinterested, and familiar with the property and the value of real estate in Omaha,— placed the market value of the premises before the location from $16,000 to $20,000, and that by

reason of the construction of the viaduct they have been depreciated from one-third to one-half. If the jury had accepted and acted upon the testimony of the plaintiff's witnesses alone, they would have been warranted in finding a verdict for a much larger sum than was returned. Considering all the testimony relating to the damages, we are satisfied it is ample to support the findings of the jury.     The judgment is

AFFIRMED.