Walker v. Allen.

JASPER F. WALKER v. HOMER J. ALLEN.

FILED MAY 3, 1899.    No. 8883.

1. **Instructions: EXCEPTIONS: REVIEW.** An instruction will not be
   reviewed where no exception was taken thereto at the time the
   charge was read to the jury.

2. **Review Without Bill of Exceptions.** Where a bill of exceptions
   has been quashed, no question can be considered on review a
   determination of which involves an examination of the evidence.

3. **Assignments of Error.** An assignment in a petition in error for the denial of a motion for a new trial is too indefinite for consideration, where such motion contains several different grounds.

ERROR from the district court of Buffalo county. Tried below before SINCLAIR, J. *Affirmed.*

*J. F. Walker,* for plaintiff in error.

*Marston & Marston, contra.*

NORVAL, J.

This suit was to recover the sum of $40 claimed to be due the plaintiff as commissions on the sale of real estate. The petition was answered by a general denial, and a trial in the court below resulted in a verdict and judgment for the defendant, to reverse which is the object of this proceeding.

The first assignment of error is based upon the giving of the following instruction: "4. You are further instructed that if you find from the evidence that plaintiff had a customer who was willing to buy it on the terms which he was authorized to sell, then the defendant is liable for the agreed commission, notwithstanding the fact that the defendant made the sale himself." A review of the foregoing instruction is precluded, for the reason no exception was taken thereto by either party in the court below. (*Warrick v. Rounds,* 17 Neb. 412; *Nyce v. Shaffer,* 20 Neb. 507; *Schroeder v. Rinehard,* 25 Neb. 75; *Darner v. Daggett,* 35 Neb. 696; *Bouvier v. Stricklett,* 40 Neb. 792; *City of Omaha v. McGavock,* 47 Neb. 313; *Lowe v. Vaughan,* 48 Neb. 651; *Gravely v. State,* 45 Neb. 878.)

Complaint is made of the refusal of the court to give two instructions tendered by the plaintiff. These instructions cannot be considered, although proper exceptions were taken at the time they were refused, for the reason the bill of exceptions settled and allowed in the case, on motion of the defendant, has been quashed. In the ab-

sence of a bill of exceptions it is impossible to determine whether the proposed instructions were applicable to the evidence adduced on the trial. (*City Nat. Bank of Hastings v. Thomas*, 46 Neb. 861.) For the reason just stated the sufficiency of the evidence to sustain the verdict cannot be determined.

The remaining assignment in the petition in error is that "the court erred in overruling a motion for a new trial." The assignment is too indefinite to present a question for review, because the motion for a new trial assigns several distinct grounds therefor, and the assignment of error in this court omits to specify to which one of the various points made by the motion the assignment was intended to apply. (*Glaze v. Parcel*, 40 Neb. 732; *Wiseman v. Zeigler*, 41 Neb. 886; *Wax v. State*, 43 Neb. 19; *Moore v. Hubbard*, 45 Neb. 612; *Conger v. Dodd*, 45 Neb. 36.) The judgment is

AFFIRMED.