AARON B. GREEN *v.* ROSWELL V. BOOTH.

[44 South., 784.]

CONTRACTS. *Brokers. · Land sales. Options. Commissions. Evidence.*
> A landowner may contract in writing, giving a broker the option to purchase a tract of land for a specified sum within a limited period, and at the same time bind himself by an independent verbal contract to pay the broker commissions for a sale of the land during the period to some other purchaser; and where commissions are sued for under such contract testimony of the oral agreement is not objectionable as varying the terms of the written contract.

FROM the circuit court of Warren county.
HON. JOHN N. BUSH, Judge.

Booth, appellee, was plaintiff in the court below; Green, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

Appellee claimed that appellant gave him a written option to purchase certain land, and at the same time entered into an oral contract to pay him five per cent commissions if he should sell the property in question. Appellee concluded the sale and demanded commissions. Appellant denied that he agreed to pay appellee the five per cent commissions for effecting the sale, and claimed that the price named in the written option was to be net to him. Appellant asked a per-

emptory instruction on the ground that, even admitting that there was an oral agreement to pay five per cent commissions, it was not admissible in evidence to vary the terms of the written contract. The peremptory instruction was refused and the jury found for the appellee.

*Brunini & Hirsh,* for appellant.

Booth is barred, we contend, from recovery by that salutary rule of law as announced by this court, and with which we know it is perfectly familiar:

"Where parties embody their mutual agreements in formal written instruments it must be taken as containing all that they then desired to preserve the evidence of; and in the absence of fraud or mistake, it is not competent to add to or take from it by parol evidence." *Cocke* v. *Blackburn,* 58 Miss., 537. To the same effect are *Wren* v. *Hoffman,* 41 Miss., 616; *Bond* v. *Lynn,* 72 Miss., 932; *Milling Co.* v. *Russell,* 89 Miss., 437; s.c., 42 South., 233.

*Hudson & Fox,* for appellee.

Should the matter of commissions have been mentioned in any particular in the written contract, then any alteration or modification or amendment of the terms of that contract by oral testimony would have been in violation to the rule of evidence, because no evidence can be introduced to vary the terms of a written agreement which requires no explanation, and which does not admit of any variation of what the parties may have personally understood the written agreement to mean.

When there is no mention of the particular controversy involved in the suit made in the contract, it is an entirely independent matter. An entirely different contract, and is just as much separated from the written option as the two poles.

4 Wigmore on Evidence, 2430, tells us that the most usual controversy arises in cases of partial integration, where a certain part of a transaction has been embodied in a single writing,

but another part has been left in some other form. Here obviously the rule against disputing the terms of the document will be applicable to so much of the transaction as is so embodied, but not to the remainder.

It is of course incorrect to assume that what was not so embodied was in truth a part of that same transaction; it may have been a totally distinct transaction, merely coinciding in time. For example, a banker, at an interview with a promoter, who comes from a distant city and compresses all their affairs into a short interview, may within the same half hour sign articles of incorporation, authorize an overdraft, assign a mortgage, and join in a committee's report to stockholders. Or a purchaser of land negotiating with a broker, may at any sitting accept a deed of grant of one piece of land and appoint the broker his agent to sell another piece. In such instances the transactions are so clearly distinct, that each one, if integrated, will certainly be embodied in a writing wholly distinct from the others and regardless of whether the others are reduced to writing at all; and no controversy can plausibly arise.

MAYES, J., delivered the opinion of the court.

We do not think that appellant was entitled to a peremptory instruction; and, since the only assignment of error is based on this right, we notice no other feature of the record. The suit of appellee to recover commissions for effecting the sale of the property mentioned in the pleadings is not based on the option contract, wherein appellee is given the right to buy the property for the sum of $6,000 cash, or $6,500, one-half cash and the balance in two equal annual payments, with eight per cent interest, but on an oral contract to pay five per cent commissions for effecting the sale of the property. These two contracts are wholly independent of each other, and to allow proof of the oral contract to pay five per cent commissions for effecting the sale of the property in no way affects the written

option contract; nor does it add to, alter, or in any way vary its terms. The written contract is complete in itself, and gives Booth the right to buy the property for a certain stipulated price. In establishing the oral contract to pay five per cent commissions for effecting the sale of the property, the rule against the admission of parol testimony to contradict or vary the written instrument is no way invaded, because this is not the effect or object of the testimony.

*Affirmed.*