LYDIA G. DAVIS, APPELLEE, V. WILLIAM H. FERGUSON ET AL., APPELLANTS.

FILED FEBRUARY 13, 1924.   No. 22655.

1. **Evidence·** WRITTEN CONTRACT: PAROL EVIDENCE. Where a written contract of employment was for a definite period, parol evidence of a prior or contemporaneous oral contract that the employment should continue, or a new employment begin after the expiration of such period, is inadmissible.

2. ———: ———: ———. A written contract complete on its face cannot be shown to be incomplete by resorting to the oral negotiations leading up to its execution.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed, with directions.*

*Hall, Baird & Williams,* for appellants.

*Clifford L. Rein, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, DAY and GOOD, JJ., REDICK, District Judge.

REDICK, District Judge.

Action to recover damages for breach of a parol contract to employ plaintiff as a drayman. The petition alleges that

Davis v. Ferguson.

on or about November 1, 1920, plaintiff and defendants entered into an oral contract whereby defendants employed plaintiff to transport milk and cream from defendants' farm to the city of Lincoln at $5 a day, "said employment to commence on the first day of May, 1921, and continue until such time as the defendants should acquire and own their own facilities for transporting said milk and cream between the above described points and should themselves actually transport said milk and cream between said points without employing outside labor and assistance for said purpose;" that on May 1, 1921, plaintiff offered to perform such services and is still ready to do so; that by defendants' refusal he has been damaged $673.50 during a period of six months before suit brought. Defendants' answer was a general denial. Trial to a jury resulted in a verdict and judgment for plaintiff, and defendants appeal.

The only question for decision is as to the competency of the parol evidence offered to prove the oral contract sued upon; if competent, the judgment must be affirmed, otherwise, reversed.

It appears from the evidence that plaintiff had a written contract of hauling with defendants for the period November 1, 1919, to November 1, 1920, which was fully performed. Several weeks before the expiration of that contract there had been talks about a new contract, and finally about November 3, 1920, the parties came together in the presence of a third party, and after considerable discussion, during which plaintiff sought to secure a contract for one year, and defendants refused to be bound for so long a period, a contract for six months from November 1, 1920, was agreed upon and a day or two later was put in writing and executed as follows:

"Lincoln, Neb., Nov. 1, '20.

"This agreement made this first day of November, 1920, by and between L. G. Davis of Lincoln, Neb., party of the first part, and the Woodlawn Dairy of Lincoln, Neb., party of second part,

"Witnesseth: For and in consideration of the conditions

hereinafter set forth, party of the first part agrees to transport by auto truck all the milk and cream of the Woodlawn Dairy not to exceed 4,000 pounds daily, each and every day from the Woodlawn Dairy at Woodlawn, Neb., to 2208 O Street, Lincoln, Neb., either packed in containers of one quart and half pint bottles or cans as desired, and return the empty containers to Woodlawn, Neb., each and every day.

"In case of impassable roads for the auto truck, the party of the second part is to deliver the milk and cream to the end of the pavement at West Lincoln and return the empty bottles and containers to Woodlawn, Neb., for a consideration equal to the amount the party of the first part receives for transporting the milk and cream to Lincoln, Neb., daily, the party of the first part to meet the party of the second part at the end of the pavement at West Lincoln, Neb.

"Party of the second part is to pay the party of the first part for the service at the rate of $5.00 per day for each and every day, payment to be made at the end of each week, following the delivery.

"This agreement to remain in force six months from Nov. 1st, 1920.

"Signed and sealed this 5th day of November, 1920.

"L. G. DAVIS,

"WOODLAWN DAIRY, Per CHAS. D. SMITH, Mgr."

This contract was fully performed and expired May 1, 1921, and the claim of the plaintiff is that at the same time this written contract was agreed upon and before it was signed, and as a part of the same negotiations resulting in the written contract, the parties made an oral contract to employ plaintiff for an indefinite period beginning May 1, 1921, for the breach of which oral contract he is seeking damages. To say the least and put it mildly, the proposition is just a little startling. We had supposed that all prior and contemporaneous negotiations and conversations upon the subject of the contract were merged in the writing which expressed the final agreement of the parties as to the matters covered thereby; that the prime motive of putting the

contract in writing was to end discussion and furnish evidence of the terms of the contract which would not be dependent upon the uncertain memory of parties or witnesses; and that, in the absence of fraud, accident, or mistake, it would be conclusively presumed that the writing embraced the entire agreement of the parties as to the subject-matter covered by it. 3 Jones, Commentaries on Evidence, sec. 434; *Sylvester v. Carpenter Paper Co.,* 55 Neb. 621.

Counsel for plaintiff do not dispute the general rule, but contend that: "Parol evidence is admissible of a prior or contemporaneous oral agreement, when (a) the oral agreement, is separate and distinct from and independent of the written contract; and (b) the oral agreement is not inconsistent or in conflict with the written contract; and (c) the written contract is not, upon inspection and in the light of its purpose, subject-matter and circumstances attending its execution, so far complete as to merge, include, or exclude the possible existence of the independent oral agreement." If these propositions be conceded, plaintiff has not brought his case within either of them.

(a) The oral agreement is not separate and distinct from the written, because it related to the. same subject-matter (the employment of plaintiff), constituted a part of the negotiations leading up to the writing, and concerned one of the important features thereof, the time for which the employment was to continue. Suppose A. is negotiating for the purchase of B.'s cow; A. wants an option for 30 days, but finally B. signs a written option for 10 days; can it be possible that A. may erect a parol contract out of the negotiations for 30 days to begin after the expiration of the written option? The argument is not only sophistical, but is not even persuasive. Why make two contracts when one was all sufficient? How simple it would have been to have stated in the written contract, "This contract shall be in force for six months at all events and until I conclude to do my own hauling." *Green v. Booth,* 91 Miss. 618, cited by plaintiff, does not aid him. In that case de-

fendant gave plaintiff a written option to purchase real estate at a certain price, and plaintiff was permitted to prove a parol contract to pay him a commission if he sold the property to another, which he in fact did. The parol contract was upon an entirely different subject and the parties dealt in different relations—the writing involved a purchase by plaintiff, the other the employment of plaintiff as agent.

(b)   The supposed parol contract is in direct conflict with the writing as to the time the employment was to continue, which was definitely fixed at six months.   Plaintiff is in the position of saying, "Yes; the writing says my employment was to terminate in six months, but it was orally understood and agreed that I should continue for an indefinite period until the happening of a certain event." To assert that such an oral contract is not in conflict with the writing seems absurd.   In *Mann v. Independent School District*, 52 Ia. 130, with reference to a like claim, Day, J., remarked: "The position of plaintiff seems to be that, notwithstanding the written contract for two months, the plaintiff may show that there was a parol contract for eight months.   In this position the plaintiff is in error."   The fact that the writing fixes a date for the termination of the employment negatives the idea of a continuance thereof which is thus directly repugnant to the writing.

(c)   The contract is complete in itself; there is no ambiguity requiring explanation.   "Whether the written contract expresses the entire agreement of the parties must be determined from the contract itself in the light of the subject-matter with which it deals, and of the circumstances attending its execution."   *Meland v. Youngberg*, 124 Minn. 446.   But it was held in *Smith v. Bailey*, 105 Neb. 754: "Even though a written contract, in the light of its purpose and subject-matter and the circumstances under which it was executed, may have been determined to be incomplete, extrinsic evidence cannot be admitted for the purpose of proving a supplemental provision, inconsistent or in conflict with the expressed intention of the parties, as embodied in

the writing." In that case it was sought to convert a privilege to purchase into an obligation so to do by parol evidence of the negotiations leading up to the written contract; here, by the same means, it is sought to show that the employment was to continue beyond the term limited in the writing. From the very nature of the proposition it is manifest that a written instrument complete on its face, and which is conceded to be in the precise form intended by the parties signing it, cannot be shown to be incomplete by the oral statements of the parties prior to or contemporaneous with the date of its execution. No case has so held where the parol evidence rule is in force, for the obvious reason, as observed by Dorsey, C., in *Spiegal & Son v. Alpirn,* 107 Neb. 233, 246, that, if so, "No case could be imagined in which it would not be possible for one party or the other by parol evidence to insert new conditions into the contract, or for one party to impose added burdens upon the other." That case contains a valuable discussion of the rule and its application. Counsel for plaintiff contends that there is no "decision excluding oral evidence which does not contravene and thereby defeat a subsisting written contract." But that is just what this evidence does, in that it precludes defendants from dispensing with plaintiff's services on May 1, 1921, as was his right under the written contract, and requires him to continue the employment indefinitely. He further says: "Neither party, by parol modification of the document, seeks to defeat that contract, or assert different, conflicting rights." Yet defendants have and claim the right, May 1, to terminate plaintiff's employment at $5 a day and procure the work to be done at $3.50 a day, as he is now doing. Would not this right secured by the written contract be defeated if the parol contract may be proved? Further· "Thus the precise subject-matter of the written contract is Davis' employment for six months from Nov. 1, 1920, while the precise subject-matter of the oral agreement in suit is Davis' employment for a period immediately following the expiration of the written contract. The two contracts being thus separate as to subject, if both had

Davis v. Ferguson.

been in writing, there would have been no question about the two documents being separate and consistent." Of course, if both contracts were in writing the rule would not apply; and right here lies the fallacy of counsel's argument: It *assumes* the existence of *two contracts*, which is the very matter in dispute. Plaintiff's difficulty lies further back in that there is no legal evidence of more than one contract.

The brief is replete with similar arguments which are ingenious, but unsound. For example, the two contracts are on different subjects, because one is for employment for six months and the other for employment for a term commencing thereafter; one is for the specific six months between November 1 and May 1, the other for a different period of time; therefore they are entirely independent and cannot be inconsistent; that the written contract has been fully performed and therefore cannot be defeated by the oral contract; that "neither party asserts rights under the written contract," which is not true, as defendants insist upon terminating the employment as per the terms of the written contract.

Reduced to its final terms, plaintiff's claim is this: "We had a conference; we discussed the time the contract should continue; I wanted a contract for a year, which they refused to sign, and so we signed a written contract for six months, but at the same time and before we signed they agreed orally to employ me for a year." To the legal mind the mere statement of the proposition refutes it, and argument is halted for want of a subject. A number of cases are cited by plaintiff, none of which sustain him. On the contrary, where at all applicable, they are in harmony with the views herein expressed. *Smith v. Bailey,* 105 Neb. 754; *Spiegal & Son v. Alpirn,* 107 Neb. 233; *Security Savings Bank v. Rhodes,* 107 Neb. 223.

For the reasons stated, the judgment is reversed and the cause remanded, with instructions to the district court to dismiss the case.

REVERSED.