SEMINOLE BOND & MORTGAGE COMPANY ET AL., APPEL-
LANTS, V. INVESTORS REALTY COMPANY, APPELLEE.

FILED MAY 22, 1934. No. 28793.

*Howard Saxton* and *John E. Eidam,* for appellants.

*Cranny & Moore, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-
LEDGE and RYAN, District Judges.

RYAN, District Judge.

Plaintiffs brought this action against the defendant to
recover on seven promissory notes, totaling $3,351.20, as
of March 4, 1929, with interest. A jury was waived and
the case was tried to the court. From a judgment in
favor of the defendant and from the order overruling the
motion for a new trial plaintiffs have appealed.

The notes sued upon are a part of a series of notes
executed in Dade county, Florida, on July 6, 1925, and
secured by a mortgage upon certain real estate in the
city of Miami, Florida. Foreclosure proceedings were had
upon this mortgage in Florida in 1928, and, as a result
thereof, there was credited upon the indebtedness the
sum of $2,400. This action is for the purpose of obtain-
ing a judgment, which would be in the nature of a de-
ficiency judgment upon the mortgage indebtedness. The

answer of the defendant alleged that, at the time the notes and mortgage were executed and as part of the same transaction, a contemporaneous oral agreement was made, whereby the plaintiffs agreed that, after a residence was erected upon the lot in question and a purchaser was found for the premises, they would take a larger first mortgage from the purchaser and release the mortgage executed by the defendant and surrender the notes representing the indebtedness; that, after the residence was constructed and the purchaser found, the plaintiffs violated the terms of said agreement and failed and refused to release the mortgage on the making of the sale, and that, by reason thereof, the plaintiffs cannot recover from the defendant; that the construction of the residence and the sale of the premises worked a release of the mortgage, and that the plaintiffs cannot now recover on account of their breach of their agreement. The defense of usury was also pleaded, but that appears to have been abandoned by the defendant. The plaintiffs appeal and assign as error the reception of evidence of the contemporaneous oral agreement claimed in the defendant's answer. Appellants' brief and argument are directed to the so-called parol evidence rule.

The evidence of the plaintiffs consists solely of depositions and an exemplified transcript of the foreclosure proceedings had in the circuit court for Dade county, Florida. The depositions are two in number, that of C. A. Avant, one of the trustees, who was also the vice-president and treasurer of the plaintiff, Seminole Bond & Mortgage Company. The other deposition was that of E. E. Fleming, who was a practicing lawyer of Dade county, Florida, and testified as an expert witness on the Florida law with reference to interest rates and usury. The only witness for the defendant was one Dr. T. E. Daly, who apparently transacted all of the business with the plaintiffs when the original deal was made. The witness Daly, however, does not appear to have had any direct connection with the defendant, Investors Realty Company. Dr. Daly testified

that his home was in Omaha; that he was in Florida in 1925, and that he met the plaintiff C. A. Avant in the offices of the Seminole Bond & Mortgage Company and had a conversation with him in reference to the lot in question; that he inquired the price of the lot and learned it was $4,000; that he told Mr. Avant that he had $3,000 that he was willing to invest and that he could make arrangements with some other people whom he knew to raise some more money with which to build a house on the lot; that they would give a mortgage upon the lot for the money advanced, provided, when a purchaser was found for the house, that this mortgage should be released, and the purchaser accepted by the plaintiffs, as mortgagor and debtor in place of defendant. He testifies that Avant agreed to do this, and with that understanding Dr. Daly procured the Investors Realty Company to execute the notes and mortgage, a part of which notes are the basis of this action; that the house was completed in the latter part of August; that a purchaser was found by the name of Grafton Wheat; that a conference was had between Avant, Daly, and Wheat, in which Avant agreed that he would increase the first mortgage from $5,000 to $6,000 and let Daly have that money—this amount would apparently represent Daly's original investment of $3,000 plus the balance used to build the house and his profit—and that he would make the deed to Mr. Wheat and take a mortgage from him and release the mortgage given by the defendant. Daly then left and returned to Omaha and was gone some time. When he returned to Miami he found that the plaintiffs had not increased the first mortgage and released the mortgage given by the defendant, but had increased the second mortgage and left the mortgage given by the defendant standing. He complained to Avant about this, but received no satisfaction. He further testifies that the deal would not have been made in the first place, were it not for the agreement that the loan was to be a temporary one and would be released when the house was erected

and sold. The plaintiff Avant in his deposition denies the agreement testified to by the witness Daly, and further testifies that the title to the Florida real estate was acquired from one George L. Long and that the plaintiff company or he, Avant, at no time had any interest in the lot.

Since this is a law action and was tried to the court without a jury and the court has specifically found that there was a contemporaneous oral agreement for the release of the existing mortgage and the refinancing of it upon the sale of the premises, and the evidence is sufficient to support such a finding, the only question raised by the appeal is whether or not parol evidence was admissible to prove the defense set up in the answer.

The rule against the admission of parol evidence in cases in which the subject-matter of the action is a written contract is well known. As is said in 5 Wigmore, Evidence (2d ed.) p. 237, note: "The writing is the contractual act, of which that which is extrinsic * * * forms no part." This rule, however, is subject to many exceptions, and it has been said that "it has full application, however, within very narrow limits," and that the exceptions have been so loosely applied as to threaten the integrity of the rule itself. *Julliard v. Chaffee,* 92 N. Y. 529.

Jones, Evidence (2d ed.) sec. 495, says: "The exceptions to the general rule which exclude parol evidence to explain written instruments apply in respect to negotiable paper, as well as to other contracts. We have seen in a former section that wide range is given to the proof when the issue of fraud is raised. On the same principle, illegality, alteration and want of consideration may be shown. As between the original parties, the conditional delivery of a note may be shown, as that it was delivered in escrow. So it may be shown, as between the original parties, that the note had been discharged by the performance of an oral agreement, or that the delivery was conditioned upon a certain event. * * * It is also ad-

missible to show by parol the capacity and true relations of the parties, such as that a signer of a note is a surety, and that this was known to the plaintiff. * * * Nor is it any violation of the rule to show * * * whether the instrument was given in satisfaction of a former note, or as security therefor; or that the note has been discharged by the performance of an agreement."

In the case of *First Nat. Bank v. Burney,* 90 Neb. 432, plaintiff brought suit upon a promissory note signed by L. L. Burney and W. S. Britton. The answer of the defendant Britton was in substance that, at and prior to the date of the note in suit, the defendant Burney was indebted to the bank in the sum of about $1,000, which indebtedness was secured by a chattel mortgage on live stock; that, shortly before the execution of the note in suit, the defendant Burney informed the plaintiff that he wanted to ship his live stock to Clarinda, Iowa, and sell it upon the market, and that he desired some additional money, with which to purchase sufficient stock to make up a two-car shipment; that, when defendant Britton signed the note, it was orally agreed between the plaintiff bank and Britton and Burney that Burney should purchase sufficient live stock to complete the two car-loads, ship the same to Clarinda, Iowa, sell it upon the market, and return the proceeds to the plaintiff bank, and that the proceeds should be applied by the bank upon the indebtedness of the defendant Burney to the plaintiff, and Burney would then execute a new note for any balance due the plaintiff, and that the liability of the defendant Britton was then to expire and be at an end, and the defendant Britton signed the note merely to guarantee that the defendant Burney would account for and return to the bank the proceeds of the Clarinda sale. This court held that the district court erred in receiving evidence tending to prove the agreement set out in the answer of the defendant Burney. Upon rehearing, reported in 91 Neb. 269, that judgment was set aside and vacated and the judgment of the district court was affirmed. In that

decision this court held: "The existence of a written contract or instrument, duly executed between the parties to an action and delivered, does not prevent the party apparently bound thereby from pleading and proving that contemporaneously with the execution and delivery of such contract or instrument the parties had entered into a distinct oral agreement which constituted a condition on which the performance of the written contract or agreement is to depend"—quoting from *Norman v. Waite,* 30 Neb. 302. See *Oakland Cemetery Ass'n v. Lakins,* 126 Ia. 121; *Davis v. Sterns,* 85 Neb. 121.

In *Oakland Cemetery Ass'n v. Lakins, supra,* it was held: "One (exception) is, parol evidence is admissible to show that delivery was subject to a condition that upon a certain contingency or event the contract should not be binding, and the other, such evidence is admissible to show that a note has been discharged by the performance of an undertaking which it was given to secure. Thus it may be shown that what purports to be a written obligation has been discharged in accordance with the terms of a collateral parol agreement."

Thus we see that this court has greatly relaxed the rule with reference to the admission of parol evidence in suits upon written contracts. The case of *Security Savings Bank v. Rhodes,* 107 Neb. 223, criticizes the decisions above referred to and expresses a preference for the rule announced in the original opinion in *First Nat. Bank v. Burney,* 90 Neb. 432, but an examination of the facts in *Security Savings Bank v. Rhodes, supra,* discloses that the case of *First Nat. Bank v. Burney* was not in point, and that the criticism indulged in by the court was wholly unnecessary to the decision arrived at in that case. In the case of *Security Savings Bank v. Rhodes, supra,* suit was brought by the plaintiff upon a promissory note signed by the defendant and payable to the plaintiff. The defendant in his answer admitted the execution of the note, but alleged that it was orally agreed that another person, not named in the note, should be held responsible,

and that the defendant should not be required to pay it. The court held that the answer of the defendant did not constitute a defense and entered judgment upon the pleadings. The facts alleged in the answer were that the defendant had rendered services for the plaintiff bank and for one Davis, the president of the plaintiff bank. The proportion of the services rendered for each does not appear, but much the greater part appears to have been rendered for Davis individually. It is alleged that Davis undertook to pay the defendant the amount owing him, some $2,700, and arranged that the defendant should make out and sign the note in suit, which was payable to the bank and delivered to the bank and defendant. thereupon received the face value of the note. The answer further alleged that Davis made an oral agreement with the defendant, that the defendant would not be required to pay the note, but that Davis would pay it. It further appears that Davis gave his note to the defendant in a like amount. The note became due and was not paid and the suit was brought. It will be seen from the facts alleged in the answer that the defendant claimed an agreement whereby he was not to be liable upon the note in any event. No contingency, which might or might not take place in the future, whereby he would not be bound, is alleged. Moreover, from the fact that Davis executed and delivered his note to the defendant, it might be concluded that it was anticipated that the defendant might have to pay the note. In the case of *First Nat. Bank v. Burney, supra,* the defense relied upon was, as has been stated, that there was a contemporaneous oral agreement that if the defendant Burney shipped the live stock to Clarinda, Iowa, and turned over to the plaintiff bank the proceeds of said live stock, the bank would apply such proceeds upon the note in suit and take a new note from Burney for the balance, and that the liability of the defendant Britton on the note in suit was to expire. The cases are clearly distinguishable, and, as we view them, the criticism of the decisions in *Barnett v. Pratt,* 37 Neb.

349, *First Nat. Bank v. Burney,* 91 Neb. 269, and *Exchange Bank v. Clay Center State Bank,* 91 Neb. 835, as well as the second paragraph of the syllabus of the opinion in *Security Savings Bank v. Rhodes, supra,* are purely dictum and have not changed the law as laid down in the criticized cases.

The contention of the defendant in this case is that this whole transaction was entered into solely because of the contemporaneous oral agreement and except for said agreement would not have transpired; that, upon the completion of the house on the lot purchased and the securing of another purchaser therefor, the indebtedness represented by the notes sued upon was to be transferred to the purchaser and the debt released. Parol evidence was admitted by the court for the purpose of showing that this contemporaneous oral agreement had been fully performed and that the notes in suit had been discharged by that performance. After a careful consideration of the facts in this case and the law applicable thereto, as heretofore laid down by this court, we conclude that the evidence of the contemporaneous oral agreement and of its performance was properly received.

The judgment of the district court is

AFFIRMED.