AL PERRY, APPELLEE, v. FRANK GROSS ET AL., APPELLANTS.
53 N. W. 2d 73

Filed April 25, 1952. No. 33086.

*Donovan, Frohm & Dalton,* for appellants.

*Leonard A. Hammes* and *John A. McKenzie,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law by Al Perry, plaintiff and appellee, against Frank Gross, Victor L. Gross, and Gross Real Estate Brokers, defendants and appellants, for the recovery of money had and received by defendants from the plaintiff in the amount of $2,000 with interest.

The cause was tried to a jury and a verdict was returned in favor of plaintiff. Judgment was rendered on the verdict.

After judgment the defendants filed an alternative motion for judgment notwithstanding the verdict or for a new trial. The alternative motion was predicated on motions made respectively at the close of plaintiff's evidence and at the close of all the evidence for a directed verdict, which were overruled. The alternative motion was overruled.

From the judgment and the order overruling the alternative motion the defendants have appealed.

In the brief as grounds for reversal there are five assignments of error. One of the five is predicated on the refusal of the court to sustain a motion to strike evidence which had been adduced on behalf of the plaintiff. The other four fairly analyzed and applied challenge the sufficiency of the evidence to sustain a cause of action in favor of the plaintiff and against the defendants.

The substantial contention of the defendants is that the pleaded and proved theory of plaintiff's action furnishes no legal basis for the recovery of judgment against the defendants.

To the extent necessary to state here the plaintiff alleged that on August 10, 1948, he signed a listing agreement with defendants whereby they became agents to sell for him the west half of Lot 11, Block 20, West Benson, an addition in Douglas County, Nebraska, for $16,500 net to plaintiff. At that time the defendants as agents for the owners had for sale a tract of land for $22,500 which they offered to plaintiff. The plaintiff desired and offered to buy the land but informed the defendants that he would be unable to do so unless his property could be sold. Thereupon by oral agreement between him and the defendants he advanced to defendants $2,000 not as part payment on the purchase price of the land but to show good faith in his offer to purchase the land. If the defendants failed to sell his property they were to return the $2,000 to him. The defendants failed to sell plaintiff's property, and in consequence plaintiff demanded repayment of the $2,000 which was refused. The prayer is for judgment in this amount with interest.

The defendants answered the petition at length but in the light of the character and quality of the assignments of error it appears necessary to say only that the allegations of the petition charging liability were denied, and they alleged that the $2,000 was paid to defendants as a down payment to be paid by them to Howard R. Young and Sarah C. Young on the purchase price of land belonging to them which plaintiff agreed to purchase under a written sales agreement entered into between plaintiff and defendants on August 10, 1948. The agreed purchase price of the land which land is the same as was referred to in plaintiff's petition was $22,500.

As is apparent from what has been said with reference to the contents of the petition plaintiff's cause of action is dependent upon the alleged oral agreement as to the disposition of the $2,000 in event of failure of sale of plaintiff's property by the defendants.

That there was sufficient evidence to sustain the finding of the jury that the parties entered into the alleged oral agreement there can be no doubt. The plaintiff and his wife testified to it completely and comprehensively. The serious question in this connection is, assuming that the oral agreement was proved, does it support or sustain a right of recovery in favor of plaintiff? The defendants substantially insist that it does not.

Their theory is that the contract proved is an oral contemporaneous agreement the effect of which if enforced would be to vary, alter, and contradict the terms of a written agreement, a thing not permissible under well-established principles of law.

The principle for which the defendants contend is well established. Parol evidence of a prior or contemporaneous agreement is not admissible to vary, alter, or contradict the terms of a written agreement. Smith v. Bailey, 105 Neb. 754, 181 N. W. 926; Spiegal & Son v. Alpirn, 107 Neb. 233, 185 N. W. 415; Davis v. Ferguson, 111 Neb. 691, 197 N. W. 390; Cox v. Rippe, 146 Neb. 309, 19 N. W. 2d 514; Arman v. Structiform Engineering Co., Inc., 147 Neb. 658, 24 N. W. 2d 723.

Also the parol evidence rule is not merely one of evidence. It is one of substantive law as well. As a rule of substantive law it renders ineffective proof of an oral prior or contemporaneous agreement the effect of which would be to vary, alter, or contradict the terms of a written agreement. The admission of evidence without objection in proof of an oral agreement which is in violation of the parol evidence rule furnishes no basis for enforcement of the oral agreement. Theno v. National Assurance Corp., 133 Neb. 618, 276 N. W. 375; Arman v. Structiform Engineering Co., Inc., *supra.*

There are however what have been regarded in the decisions as exceptions to the parol evidence rule. The plaintiff contends that the instant case falls within this category.

In the decisions of this court and of courts of other

jurisdictions exceptions to the rule have been recognized.

In Norman v. Waite, 30 Neb. 302, 46 N. W. 639, it was said: "The existence of a written contract or instrument, duly executed between the parties to an action and delivered, does not prevent the party apparently bound thereby from pleading and proving that contemporaneously with the execution and delivery of such contract or instrument the parties had entered into a distinct oral agreement which constitutes a condition on which the performance of the written contract or agreement is to depend." This pronouncement was followed in Exchange Bank of Ong v. Clay Center State Bank, 91 Neb. 835, 137 N. W. 845, and Johnson v. Shuler, 134 Neb. 25, 277 N. W. 807. See, also, Davis v. Sterns, 85 Neb. 121, 122 N. W. 672; Seminole Bond & Mtg. Co. v. Investors Realty Co., 127 Neb. 193, 254 N. W. 732; Mire v. Haas (La. App.), 174 So. 374; Smith v. Fergus County, 98 Mont. 377, 39 P. 2d 193; Moore v. Wilson (Tex. Civ. App.), 138 S. W. 2d 1099; Annotation, 25 A. L. R. 822.

The oral agreement appears to fall within the category described in the quotation from Norman v. Waite, *supra,* that is, a distinct oral agreement which constitutes a condition on which performance of the written contract or agreement was to depend.

We conclude therefore that the oral contract alleged was valid and that neither the contract nor proof thereof was violative of the parol evidence rule.

As has been already pointed out the evidence of plaintiff was sufficient as proof of the oral agreement.

It is this evidence which has been held to be sufficient as proof of the oral agreement that forms the basis of the fifth assignment of error.

Plaintiff's evidence in proof of the oral agreement was adduced and admitted without objection. At the close of plaintiff's evidence the defendants moved that it be stricken as being inadmissible under the parol evidence rule.

What has already been said herein with regard to the parol evidence rule fully disposes of this assignment adversely to the defendants.

One of the four assignments of error which have been considered collectively herein complains that the court erred in overruling the motion for a new trial. The motion contains 27 separate alleged grounds of error. Neither the assignment in the brief nor the discussion thereof directs attention to any one or more of the assignments in the motion. In the light of this the assignment does not require consideration by the court.

In discussing a like situation this court said in Walker v. Allen, 58 Neb. 537, 78 N. W. 1070: "The assignment is too indefinite to present a question for review, because the motion for a new trial assigns several distinct grounds therefor, and the assignment of error in this court omits to specify to which one of the various points made by the motion the assignment was intended to apply."

The judgment of the district court is affirmed.

AFFIRMED.